Clifford W. Hall State Controller State of Colorado Division of Accounts and Control Department of Administration 1525 Sherman St., Room 706 Denver, CO 80203
Dear Mr. Hall:
This opinion letter is written in response to your inquiry about payment of extended per diem expenses to Division of Highways ("the Division") employees who are required by their appointing authority to change their residences.
QUESTION PRESENTED AND CONCLUSION
1. Whether a Division employee who has been required to change his place of residence can be paid per diem relocation benefits beyond the 30-day limit of § 24-50-134(6), C.R.S. (1988) and Fiscal Rule § 5.40, 1 CCR 101-2 (1989), if such payment is designated as being necessary for "ordered travel" to the new work location?
No.
ANALYSIS
Section 24-50-134, C.R.S. (1988) provides for payments to employees in the state personnel system who are required by the appointing authority to change their places of residence. Subsection (1) of § 24-50-134 states that such employee is allowed moving and relocation expenses "subject to" the other provisions of the section. The allowances of per diem are governed by subsection (6):
 When an employee is required by any appointing authority, because of a change in assignment or a promotion or for any other reason related to his duties, to change his place of residence, such employee shall receive his per diem allowance up to a maximum of thirty days for necessary expenses incurred while locating a permanent residence at the new location. He may exclude at his option interruptions caused by sick leave, vacation, other authorized leave of absence, or ordered travel. . . . Per diem consists of lodging, meals, and miscellaneous allowances.
(emphasis added.) See also Fiscal Rule § 5.40, 2 CCR 101-2 (1989).
This statutory scheme is a straightforward one. An employee is entitled to a per diem allowance while locating a permanent residence at the new location. The statute contemplates that this allowance is generally limited to a continuous period of 30 days. For example, an employee is reassigned from location x to location y effective September 1. Beginning September 1 he is obliged to report to duty at location y and for the period from September 1 through September 30 he can claim the per diem allowance in amounts determined elsewhere in the Fiscal Rules.See Fiscal Rule § 1.32, 1 CCR 101-1 (1989). However, if the employee's efforts to locate a residence are "interrupted" by any of the 4 instances listed in the subsection, the period can extend beyond September 30, but cannot, in any event, allow for per diem payments in excess of 30 days in the aggregate. If the employee becomes ill and utilizes sick leave, if he takes vacation time or other leave, or if he is ordered to travel, his efforts to locate a residence are "interrupted." The question presented here concerns this last category,i.e., "ordered travel."
The Division postulates that the concept of "ordered travel" can somehow be invoked to extend the period for which per diem is available in the instance when an employee is reassigned to location y, by at some point terming his work at location y "ordered travel." This view, however, would distort the commonly understood meanings of the terms "travel" and "interruption." Travel means work away from an employee's permanent duty station.Tatum-Reese Development Corp. v. Industrial Comm'n.,30 Colo. App. 149, 490 P.2d 94, 95 (1971) ("an employee is in a travel status, as distinguished from simply going to and from work . . . where an employee is required to travel away from his home city or town on his employer's business."). Seealso Carter v. Panama Canal Co., 463 F.2d 1289
(D.C. Cir. 1972), cert. denied, 409 U.S. 1012 (1973) (for purposes of the Fair Labor Standards Act, travel status is time spent away from the official duty station of an employee).See also Cockrell v. Commissioner, 321 F.2d 504, 510
(8th Cir. 1963), (for Internal Revenue Service purposes, travel expenses deductible where "a taxpayer's employment outside the area of his regular abode will be for a `temporary' or `short period of time'," but not if "his work will continue for an `indefinite' or `intermediate' or `substantially long' period of time").
In the sense used here, then, "ordered travel" means a temporary work assignment at a location different from one's regular duty station. For example, referring to the employee reassigned from location x to location y, the employee may then be ordered to work for a temporary time at location z. He is on "ordered travel" while working at location z. He is not on "ordered travel," though, when he works at his reassigned location y.
This concept of "travel" is also consistent with the term "interruptions" as used in subsection (6). "Interrupt" means to break the continuity or uniformity of, to hinder or stop the action or discourse of by breaking in upon. AmericanHeritage Dictionary 685 (New College Ed. 1976). An employee's efforts to locate a permanent residence at the new location would be "interrupted" by ordered travel as described in the foregoing paragraph. Such efforts would not be "interrupted" if the Division merely termed the employee on "ordered travel" in the new permanent duty location.
SUMMARY
A Division employee who has been required to change his place of residence cannot be paid per diem benefits for more than 30 days in the aggregate for the purpose of locating a residence at the new location, even if such payment is designated as necessary for "ordered travel" to the same new work location.
Sincerely,
 DUANE WOODARD Attorney General
HIGHWAYS TRAVEL RELOCATION Per Diem
§ 24-50-134, C.R.S. (1988)1 CCR 101-1 (1989)1 CCR 101-2 (1989)
HIGHWAYS, DIV. OF
Division employee who has been required to change his place of residence cannot be paid per diem benefits for more than 30 days in the aggregate for the purpose of locating a residence at the new location, even if such payment is designated as necessary for "ordered travel" to the same new work location.