No. 24494.

PAT'S POWER TONGS, INC., AND STATE COMPENSATION IN-
SURANCE FUND *v.* AGNES ELIZABETH MILLER, BENJAMIN D.
MILLER, AND INDUSTRIAL COMMISSION OF COLORADO.
(474 P.2d 613)

Decided September 21, 1970.

ALIOUS ROCKET, FRANCIS L. BURY, FEAY BURTON SMITH,
JR., for plaintiffs in error.

KRIPKE, HOFFMAN, CARRIGAN & DUFTY, P. C., KENNETH N. KRIPKE, for defendants in error Agnes Elizabeth Miller and Benjamin D. Miller.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE GROVES.

MR. AND MRS. MILLER, claimants herein, filed a claim for workmen's compensation as a result of injuries received in an automobile-train collision. The claimants were granted awards by the Industrial Commission, and the district court affirmed the awards. We affirm.

The claimants were employees of the corporation which appears here as a plaintiff in error. They were president and secretary, respectively, of the corporation, which has its principal office in Colorado. The business of the corporation caused the claimants to undertake a business trip from their home in Farmington, New Mexico to Casper, Wyoming and Sterling, Colorado. In the course of their return home, they stayed overnight in Denver and there took some personal friends to dinner. The dinner was in no way business-connected. After the claimants had deposited their friends at the friends' residence and while the claimants were driving to the motel at which they were staying, the collision occurred.

The Commission first denied compensation after finding that at the time of the accident the claimants were engaged in social pursuits of their own and that they were not engaged in any service to their employer. On petition for review the Commission concluded that the injuries were compensable and granted awards. In the supplemental order the Commission found that the claimants were not, at the time of the accident, on an errand

involving any business purpose nor were they in any sense ministering to their own needs but, on the contrary, were on a divergence from the course of their employment for purely personal and social purposes. The order then states that a review of the case law of Colorado indicates that when an employee diverges from his employment while on a business trip for his employer, the divergence ceases at the moment he commences his return to his home or to his lodging. Therefore, the Commission concluded that at the time the injuries were sustained the claimants were within the scope of their employment.

When the district judge announced his decision orally from the bench, he stated that he did not think there had been a divergence from the course of employment. He continued as follows:

"The fact that someone else went to dinner with them I don't think would change the situation because had they not gone to dinner with someone else they would have gone by themselves and in that event there is no question but what they would have been covered. The fact that they had guests or went with someone else doesn't alter the situation. At the time of the accident there is no question but what they were on their way back to the hotel, and, therefore, I feel were in the course of their employment."

The court then entered a formal order affirming the Commission.

Here the plaintiff in error State Compensation Insurance Fund urges error in two particulars: (1) that under some of the findings of the Commission, the injuries were not compensable; and (2) that the district court made its own findings.

■ It is unquestioned that the claimants were on a business trip, that they had concluded their personal activities of the evening, and that at the time they sustained their injuries they were proceeding toward their lodging quarters for the night. In light of such facts

they are entitled to the awards under *Mohawk v. Cribbs,* 165 Colo. 526, 440 P.2d 785 (1968); *Employers' Corp. v. Ind. Comm.,* 147 Colo. 309, 363 P.2d 646 (1961); *Lyttle v. State Fund,* 137 Colo. 212, 322 P.2d 1049 (1958); and *Alexander Film Co. v. Ind. Comm.,* 136 Colo. 486, 319 P.2d 1074 (1957).

It is true that the Industrial Commission incorporated in its supplemental order too much of the language which it had used in its original order. The intent of the Commission's findings, however, is clear, *i.e.,* that the claimants had completed their social activities and were returning to their quarters; and, that they were then well within the scope of their employment.

■■ It is basic that in a workmen's compensation case a district court should not make its own findings. The observations of the trial judge to the effect that there had not been a divergence from the scope of employment are immaterial. Of primary importance is the fact that the court correctly affirmed the Commission. The judge's observations were supportive — in his mind at least — of the correct result reached by the Commission.

In a hypertechnical sense, we could return this case to the district court with instructions to order the Commission to make findings and awards which are completely consistent. Under the admitted facts, this disposition would necessarily result in the same awards. We are convinced that the Commission, counsel for the Fund, and other parties should not be required to engage in such superfluous efforts.

Judgment affirmed.

Mr. Justice Day, Mr. Justice Hodges and Mr. Justice Kelley concur.