No. C-229

Silver Engineering Works, Inc., and The Travelers Insurance Company v. Martha L. Simmons, formerly Martha L. Whitmer, Julie Mae Whitmer, Arlene Gay Whitmer, and Nancy Kay Whitmer, Claimants in the Matter of the Death of Alden D. Whitmer, James M. Shaffer, Executive Director, Department of Labor and Employment, and Industrial Commission of Colorado, a Body Politic organized and existing under the laws of the State of Colorado

(505 P.2d 966)

Decided January 15, 1973.  Rehearing denied February 13, 1973.

310

Hemminger, McKendree, Vamos & Elliott, P.C., James E. Elliott, Jr., Richard D. Greengard, for petitioners.

John H. Williamson, for respondents Simmons and Whitmer.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for Industrial Commission of Colorado and Director of the Department of Labor.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

■■■ This is a workmen's compensation case in which the Colorado Court of Appeals, in *Silver Engineering Works, Inc. v. Simmons,* 30 Colo. App. 396, 495 P.2d 246, held that a

deceased employee met his death under circumstances which made it compensable under terms of the Workmen's Compensation Act. C.R.S. 1963, 81-13-2, requires that the injury or death of an employee must arise out of and in the course of employment before it can be a basis for awarding compensation.

█ In a petition for certiorari, which we granted, the employer and the insurance company contend that the decedent, who was in travel status for his employer, was outside the scope of his employment when he met his death, and therefore, compensation may not be awarded. We agree, and therefore, reverse the judgment of the Court of Appeals.

A brief resume of the facts will suffice for an understanding of the issue involved here. The decedent, Alden D. Whitmer, who resided in Colorado, was in El Dorado, Mexico on behalf of his employer to assist and be trained in the operation of a continuous diffuser which had been sold by the employer to a Mexican sugar plant. Several days after arriving at El Dorado, Mexico and during the period when the plant was shut down for the Easter weekend, the decedent, and several other employees, drove over a difficult road to a remote beach to swim and fish. The decedent went swimming in the outlet of a river and met his death by drowning. His body was found several miles from the outlet the following morning by fishermen.

A claim for workmen's compensation was filed by the decedent's widow and children. After a hearing, an Industrial Commission referee found that "decedent was outside the course and scope of his employment at the time he met his death" and therefore, the application for compensation was denied. The Industrial Commission reversed the order of the referee and awarded compensation. On appeal, the Colorado Court of Appeals affirmed the award of compensation in this case as previously indicated.

█ An employee who is away from home on a business trip for his employer is in most circumstances under continuous workmen's compensation coverage from the time he leaves until he returns home. There are exceptions,

however, to this general rule. Both the general rule and the exceptions are well described in *A. Larson, Workmen's Compensation Law* § 25:

"Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, *except when a distinct departure on a personal errand is shown.*" (Emphasis added.)

In *Alexander Film Co. v. Ind. Comm.,* 136 Colo. 486, 319 P.2d 1074 (1957), we recognized this qualification to the "traveling employee doctrine" when we set forth that:

"Such an employee is in continuous employment, day and night. This does not mean that he can not step aside from his employment for personal reasons, or reasons in no way connected with his employment, just as might an ordinary employee working on a schedule of hours at a fixed location. He might rob a bank; he might attend a dance; or he might engage in other activities equally conceivable for his own pleasure and gratification, and ordinarily none of these acts would be beneficial or incidental to his employment and would constitute a stepping aside from employment."

██ As the above quoted language from the *Alexander* case clearly indicates, the traveling employee is as capable of departing on a personal errand as any other type of employee, thereby losing the right to compensation benefits from accidents occurring during such departures.

We alluded to the exception most recently in *Pat's Power Tongs, Inc. v. Miller,* 172 Colo. 541, 474 P.2d 613 (1970). Compensation was awarded to the traveling employees there because "they had *concluded* their personal activities" at the time the accident occurred. The inference from the opinion was clear that, had the accident taken place while the claimants were still engaged in "their personal activities of the evening," compensation benefits would have been denied.

██ The undisputed and explicit findings of fact by the Industrial Commission referee were sufficient to establish, as a matter of law, that the decedent had indeed stepped aside from his employment and was attending to a matter of

personal recreation, which was beyond that necessary to the normal ministration to needs of an employee on a business trip.

Judgment reversed and cause remanded for the purpose of entering a Court of Appeals judgment reversing the award of compensation by the Industrial Commission.

MR. JUSTICE ERICKSON does not participate.