Johnny Lee UPCHURCH, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado; Home Insurance Company; Monfort of Colorado; and Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.

No. 84CA0934.

Colorado Court of Appeals, Div. III.

Feb. 21, 1985.

Rehearing Denied April 4, 1985.

Certiorari Denied Aug. 19, 1985.

Carroll, Bradley & Froede, P.C., John S. Carroll, Westminster, for petitioner.

Watson, Nathan & Bremer, P.C., Peter A. Watson, Christina M. Habas, Denver, for respondents Home Ins. Co. and Monfort of Colo.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of the State of Colo. and Division of Labor, Department of Labor and Employment, State of Colo.

STERNBERG, Judge.

The claimant, Johnny Lee Upchurch, seeks review of the final order of the Industrial Commission in which he was denied workmen's compensation benefits. The Commission's order was based on its conclusion that claimant's injury neither arose out of, nor occurred in the course of, his employment. We set aside the order.

At the hearing before the referee, the claimant testified that on March 26, 1980, at approximately 4:30 A.M. in Dallas, Texas, he received gunshot wounds during an apparent robbery attempt. At the time, he was employed as a truck driver and was in Dallas to deliver a load of meat, but he had become lost. He testified that he was seeking directions from two men and a woman when one of the men hit him on the head with a gun, and then shot him as he tried to climb into the truck.

On cross-examination, the claimant was repeatedly asked if it was not true that he had in fact been consorting with a prostitute at the time of the injury. The claimant consistently denied the allegation, and no evidence which would support that line of questioning was introduced. The questioning was apparently prompted by an innuendo in the first police report of the incident; however, that report was later revised after a possible bullet hole was found in the claimant's clothing.

The employer's representative testified at the hearing about the employment relationship with the claimant, and about the condition of the truck after the incident. He gave no testimony concerning whether

the claimant had ever admitted that he was consorting with a woman at the time of the injury.

Following the hearing, the referee found that, "upon observation of the claimant and after hearing his testimony [I find] claimant's version of the event is not credible." He concluded, "claimant was not injured in the course and scope of his employment, but rather his injuries arose from a personal deviation from his duties." Therefore, the referee denied the claimant's claim for compensation and medical benefits, and the Commission affirmed.

On review, the claimant contends that the denial of benefits was error because no evidence supported the hearing officer's finding that the injuries arose because of a personal deviation from his duties. We agree.

■ In a workmen's compensation case, the claimant has the initial burden of proving his entitlement to benefits by a preponderance of the relevant evidence. *Prestige Homes, Inc., v. Legouffe,* 658 P.2d 850 (Colo.1983). However, as a general rule, an employee who is away from home on a business trip for his employer is under continuous workmen's compensation coverage from the time he leaves until he returns home. *Silver Engineering Works, Inc. v. Simmons,* 180 Colo. 309, 505 P.2d 966 (1973). Therefore, if as here, a claimant presents a prima facie case that he incurred the injury at issue while on "travel status," then the burden shifts to the employer to prove that the claim should be disallowed. *See Silver Engineering Works, Inc. v. Simmons, supra; Deterts v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976); *cf. City of Arvada v. Industrial Commission,* 701 P.2d 623 (Colo.App. No. 84CA0273, January 10, 1985) (initial burden of showing eligibility for unemployment benefits met by filing of claim stating claimant was discharged, and burden then shifted to employer to show claimant disqualified).

■ Moreover, in reviewing the evidence, the referee cannot grant or deny an award based on speculation or conjecture, or based on evidence not in the record. *See Industrial Commission v. Havens,* 136 Colo. 111, 314 P.2d 698 (1957). Any reasonable doubt to whether a compensable injury arose out of and in the course of employment must be resolved in favor of the claimant. *Deterts v. Times Publishing Co., supra.*

Here, the claimant met his initial burden of establishing a prima facie case of eligibility to compensation by providing undisputed evidence that his injury occurred when he was away from home in travel status, on a journey the purpose of which was to deliver meat for his employer.

■ In contrast, the employer presented no competent evidence sufficient to show that the claimant had departed from his employment and was on a personal errand. It merely introduced innuendos and speculation about what might have happened. The questions raised by the speculation and conjecture were not evidence and were, therefore, insufficient to enable the employer to sustain his burden of proving that the claimant's injury did not arise out of and in the course of his employment. *See Industrial Commission v. Haves, supra.*

Accordingly, there being no competent evidence to support the referee's conclusions as to the circumstances of the injury, his ruling that the injury was not within the scope of claimant's employment cannot stand. *See Dorsch v. Industrial Commission,* 185 Colo. 219, 523 P.2d 458 (1974).

The order is set aside, and the cause is remanded for entry of an order that claimant's injury is compensable and for further proceedings thereon.

TURSI and METZGER, JJ., concur.