**CONTINENTAL AIRLINES, and The Travelers Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; and Mary L. Holloway, Respondents.**

**No. 84CA1064.**

Colorado Court of Appeals, Div. III.

Oct. 3, 1985.

Blackman & Levine, Lawrence D. Blackman, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n, and Director, Dept. of Labor and Employment.

Norton Frickey & Associates of Colorado Springs, P.C., John H. Carey, Martha L. Hyde, Colorado Springs, for respondent Mary L. Holloway.

TURSI, Judge.

Employer, Continental Airlines, and its insurer, The Travelers Insurance Company, seek review of an order of the Industrial Commission awarding Mary L. Holloway (claimant) temporary total disability benefits. We affirm.

Claimant was employed by Continental Airlines as a flight attendant. As a salaried traveling employee, she sustained a back injury while on a scheduled layover in Sydney, Australia. The evidence established that claimant had been shopping and that she fell as she was leaving a store to return to the designated layover hotel. The Commission found that the injury arose out of and in the course of her employment and awarded Holloway temporary total disability benefits.

I

On review, employer first contends that the Commission erred in finding that claimant's injury was compensable because at the time of her injury she was engaged in a personal errand. We disagree.

As a general rule, an employee who is away from home on a business trip for his employer is under continuous workmen's compensation coverage from the time he leaves until he returns. *Silver Engineering Works, Inc. v. Simmons,* 180 Colo. 309, 505 P.2d 966 (1973). An exception to this general rule occurs if the employee is shown to have made a distinct departure on a personal errand. *Silver Engineering Works, Inc. v. Simmons, supra; Alexander Film Co. v. Industrial Commission,* 136 Colo. 486, 319 P.2d 1074 (1957). However, even if an employee on travel status makes a distinct departure on a personal errand, after that errand is concluded, the employee is once again under

workmen's compensation coverage. *Silver Engineering Works, Inc. v. Simmons, supra; Pat's Power Tongs, Inc. v. Miller,* 172 Colo. 541, 474 P.2d 613 (1970). As stated in *Berry's Coffee Shop v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967), "If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own."

■ Here, even if a brief shopping trip could be construed to be distinct departure on a personal errand, the evidence established that the injury did not occur until after claimant had concluded her shopping and was leaving the store on her way back to the hotel. Because the injury occurred after Holloway had finished shopping, it was compensable because any "personal errand" had been completed. *See Silver Engineering Works, Inc. v. Simmons, supra; Pat's Power Tongs, Inc. v. Miller, supra. See also Mineral County v. Industrial Commission,* 649 P.2d 728 (Colo. App.1982); *Deterts v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976).

## II

Employer also contends that the Commission's order fails to set forth sufficient findings of evidentiary and ultimate facts to allow this court to make a meaningful review of its decision. We find no merit in this contention.

■ The Commission found that claimant was a traveling employee and that she had sustained the injury as she was leaving a store to return to the layover hotel. Based on these uncontroverted evidentiary facts, the Commission concluded that the injury arose out of and in the course of her employment. These findings are sufficient to comply with the requirements of § 8–53–111(4), C.R.S. (1984 Cum.Supp.), and to permit meaningful review. *See Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969).

The order is affirmed.

BERMAN and METZGER, JJ., concur.