**MARYLAND CASUALTY COMPANY,**
**Plaintiff–Appellee,**

v.

**Rose Wood MESSINA, Defendant–**
**Appellant.**

**No. 91CA2060.**

Colorado Court of Appeals,
Div. III.

Jan. 14, 1993.

Rehearing Denied Feb. 18, 1993.

Certiorari Granted Oct. 25, 1993.

White and Steele, P.C., Michael J. Daugherty, Denver, for plaintiff-appellee.

Ozer & Mullen, P.C., Rick Paul Lopez, Colorado Springs, for defendant-appellant.

Opinion by Judge ROTHENBERG.

In this declaratory judgment action to determine whether personal injury protection (PIP) benefits were payable under an automobile insurance policy, defendant, Rose Wood Messina, appeals from the summary judgment entered in favor of plaintiff, Maryland Casualty Company (insurer). Because the issues determined adversely to Messina in an earlier workers' compensation proceeding were not identical to the issues presented in this action, we hold that the doctrine of collateral estoppel does not preclude the trial court's consideration of Messina's claims. Accordingly, we reverse the summary judgment and remand for further proceedings.

I.

Messina was involved in a one-car automobile accident on October 17, 1988. At the time of the accident, she was driving a vehicle owned by her employer (TCW) which was insured by Maryland Casualty.

Messina filed a claim for workers' compensation benefits. Following a hearing, the Administrative Law Judge (ALJ) denied Messina's claim, finding that: (1) Messina had permission to use the TCW vehicle to travel to and from work and to her home in Pueblo, to monitor daily on-the-job activities, and to perform work related jobs; (2) Messina was not authorized to use the car for personal use after working hours or after drinking; (3) Messina's supervisor had repeatedly warned her that drinking and driving were not allowed with company vehicles and that she was not to use the company vehicle for "partying" after work; (4) at the end of the work day on the date of the accident, Messina returned to her temporary residence in Ridgeway, then drove to Ouray to eat dinner with friends at which time she drank four or five alcoholic beverages; and (5) neither the drive to Ouray nor the dinner with friends was a requirement of Messina's employment. The accident occurred as Messina was returning from Ouray to Ridgeway.

Based upon these findings of fact, the ALJ denied Messina's claim for workers' compensation benefits, concluding that she had failed to sustain her burden of proving the accident occurred within the course and scope of employment. The Industrial Claim Appeals Panel affirmed.

Messina then sought PIP benefits under TCW's insurance policy. In response, the insurer filed this action for declaratory relief to determine its rights and obligations concerning Messina's claim. The insurer contended that: (1) Messina was not a "permissive user" of the vehicle at the time of the accident; and (2) by using TCW's vehicle without a good faith belief that she was legally entitled to do so, Messina became a "converter," and therefore was excluded from PIP benefits.

Asserting that the doctrine of collateral estoppel barred Messina from relitigating the facts and issues previously determined in the workers' compensation proceeding, the insurer filed a motion for summary judgment. More specifically, the insurer argued that Messina's claims were barred because the facts considered by the ALJ in determining Messina's right to workers' compensation benefits were identical to the applicable facts to be considered in determining her entitlement to PIP benefits. The trial court agreed and entered summary judgment in favor of the insurer.

## II.

■ The narrow issue presented here is whether, under the doctrine of collateral estoppel, the factual issues determined by the ALJ in Messina's workers' compensation proceeding bar a determination of Messina's entitlement to PIP benefits. We conclude that the doctrine of collateral estoppel does not apply to these circumstances.

■ Collateral estoppel bars relitigation of an issue determined in a prior proceeding if the issue on which preclusion is asserted is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding. *See Bennett College v. United Bank,* 799 P.2d 364 (Colo.1990).

Restatement (Second) of Judgments § 27 comment h (1982) provides:

If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made.

In the workers' compensation proceeding, the issue was whether Messina was performing service arising out of and in the course of her employment at the time of her injury. *See* § 8–41–301(1)(b), C.R.S. (1992 Cum.Supp.). Whether Messina was authorized to use the vehicle after work was not a necessary determination. *See*

*Silver Engineering Works, Inc. v. Simmons,* 180 Colo. 309, 505 P.2d 966 (1973) (generally, an employee who is away from home on a business trip for his employer is under continuous workers' compensation coverage); *see also Pat's Power Tongs, Inc. v. Miller,* 172 Colo. 541, 474 P.2d 613 (1970) (corporate employees en route to motel after dinner with friends were acting within course of employment).

In addition, whether the accident was caused by Messina's intoxication would have become a relevant factor to the amount of her award only if it had first been determined that she was entitled to receive benefits because she was acting within the course and scope of her employment. *See* § 8–42–112, C.R.S. (1992 Cum. Supp.); *see also In re Death of Cline,* 43 Colo.App. 123, 599 P.2d 973 (1979) (benefits are reduced by 50% when injury results from employee's intoxication).

In the present case which arose under the No–Fault Act and under the language of TCW's insurance policy, the issues presented are: (1) whether Messina had her employer's permission to use the vehicle at the time of the accident; or (2) if not, whether she had a good-faith belief that she was entitled to use or operate the vehicle. *See* § 10–4–703(6), C.R.S. (1987 Repl. Vol. 4A) (defining "insured" to include one who uses the vehicle with the permission of the named insured); § 10–4–712(2)(b), C.R.S. (1987 Repl.Vol. 4A) (coverage may be denied if operator lacks good-faith belief in his or her authority to do so).

Defendant's use of the car after drinking could be relevant in regard to these issues. However, neither the ALJ nor the Panel were empowered to resolve them. *See Salida School District R–32–J v. Morrison,* 732 P.2d 1160 (Colo.1987); *Wilson v. Town of Avon,* 749 P.2d 990 (Colo.App.1987). Thus, although the issues in the two proceedings are extremely close, they are not identical. Further, the focus of the two proceedings was different. *Cf. Governor's Ranch Professional Center, Ltd. v. Mercy of Colorado, Inc.,* 793 P.2d 648 (Colo.App. 1990). Accordingly, we conclude the trial

court erred in ruling that plaintiff's PIP claims were barred by collateral estoppel.

The summary judgment is reversed, and the cause is remanded with directions to the trial court to reinstate plaintiff's complaint and for further proceedings consistent with the views expressed in this opinion.

SMITH and CRISWELL, JJ., concur.