**WILD WEST RADIO, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Lisa Teresi, Respondents.**

No. 93CE0007.

Colorado Court of Appeals, Div. II.

May 18, 1995.

Rehearing Denied June 29, 1995.

Certiorari Denied Nov. 6, 1995.

Paul Tochtrop, Douglas Thomas, Denver, for petitioners.

No Appearance for respondent Industrial Claim Appeals Office.

Breit, Bosch, Levin and Coppola, P.C., Patricia A. Pritchard, Denver, for respondent Lisa Teresi.

Opinion by Judge MARQUEZ.

On petition of Wild West Radio, Inc., and Colorado Compensation Insurance Authority (petitioners) in this workers' compensation case, we initially granted certiorari to determine whether medical benefits are subject to reduction when a claimant's award is reduced because of her intoxication at the time of the injury. In *Wild West Radio, Inc. v. Indus-trial Claim Appeals Office,* 886 P.2d 304 (Colo.App.1994) (*Wild West I* ), we affirmed the order of the Industrial Claim Appeals Office that medical benefits are not subject to such reduction. On certiorari review, the supreme court vacated that judgment and remanded the case to this court for reconsideration in light of *Allison v. Industrial Claim Appeals Office,* 884 P.2d 1113 (Colo. 1994). We again affirm the order of the Industrial Claim Appeals Office.

Lisa Teresi (claimant) was employed by Wild West Radio, Inc., to sell advertising. She used her personal automobile in traveling to solicit business from potential advertisers. While traveling to meet with a customer, she was injured in a one-car accident. The ALJ found that at the time of the accident:

> [T]he Claimant was intoxicated beyond the legal limit, and certainly beyond the amount referenced in [§ 8–42–112(1)(c), C.R.S. (1994 Cum.Supp.) ]. Accordingly, I find that the Claimant's injuries were due to her intoxication.

Because she was intoxicated at the time of the accident, her compensation was reduced fifty percent under § 8–42–112(1), C.R.S. (1994 Cum.Supp.). However, the Administrative Law Judge (ALJ) did not apply the reduction to medical benefits. On review, the Panel affirmed the ALJ's order.

## I.

The petitioners contend that the claimant's injuries are not compensable. They argue that her level of intoxication prevented her from returning to the course and scope of her employment at the time of her accident because she was incapable of performing any service for her employer. Alternatively, they argue that her intoxication was willful misconduct barring compensation. We disagree.

## A.

The petitioners contend that the claimant's intoxication prevented her from performing any service for the employer and that § 8–41–301(1)(b), C.R.S. (1994 Cum.Supp.) provides compensation for only those injuries

sustained while the employee is performing service for the employer. We reject this argument.

Section 8–41–301, C.R.S. (1994 Cum.Supp.) provides:

(1) The right to the compensation provided for in articles 40 to 47 of this title, in lieu of any other liability to any person for any personal injury or death resulting therefrom, shall obtain in all cases where the following conditions occur:

. . . .

(b) Where, at the time of the injury, the employee is performing service arising out of and in the course of the employee's employment. . . .

■ The "course of employment" requirement is satisfied when it is shown that the injury occurred within the time and place limits of the employment relation and during an activity that had some connection with the employee's job-related functions. An injury "arises out of" employment when it has its origin in an employee's work-related functions and is sufficiently related thereto as to be considered part of the employee's service to the employer in connection with the contract of employment. *Popovich v. Irlando*, 811 P.2d 379 (Colo.1991).

■ Generally, workers' compensation coverage of an employee away from home at the direction of the employer does not extend to injuries which occur while the employee makes a distinct departure on a personal errand. *Silver Engineering Works, Inc. v. Simmons*, 180 Colo. 309, 505 P.2d 966 (1973); *Continental Airlines v. Industrial Commission*, 709 P.2d 953 (Colo.App.1985). However, when the employee's personal errand is concluded, the deviation ends and the employee is again covered for workers' compensation. *Pat's Power Tongs, Inc. v. Miller*, 172 Colo. 541, 474 P.2d 613 (1970); *Continental Airlines v. Industrial Commission, supra.*

■ The petitioners concede that the claimant was a "traveling employee" who was within the scope of her employment while she was traveling for business. *See Benson v. Colorado Compensation Insurance Authority*, 870 P.2d 624 (Colo.App.1994); *National Health Laboratories v. Industrial Claim Appeals Office*, 844 P.2d 1259 (Colo.App.1992). Their argument is that, after her personal excursion, she could not return to the scope of her employment until she attained sobriety. We do not agree that such return was not possible.

The issue is one of fact and the burden of proof is on the claimant to show the return to employment. *See Rand v. Industrial Commission*, 110 Colo. 240, 132 P.2d 784 (1942).

Here, the ALJ found that the claimant, at the time her injuries occurred, was traveling to Steamboat Springs with the intention of appearing at a certain company for the purpose of conducting business on behalf of her employer. He concluded that, if there had been a personal deviation, such deviation had ceased and that she was acting on behalf of her employer at the time the accident occurred.

The finding that claimant had returned to her employment was based on evidence that she had business appointments that afternoon, including an appointment with a specific customer, that she made a telephone call to tell that customer she was running late, that there were business papers in her car, that she was wearing business attire, and that the accident occurred on the road to the customer's location. This is more than sufficient evidence to support the ALJ's finding that the claimant had returned to her employment. *See F.R. Orr Construction Co. v. Rinta*, 717 P.2d 965 (Colo.App.1985).

■ We further note that the purpose and goal of the Workers' Compensation Act is to provide medical and disability benefits to injured workers based on a mutual renunciation of common law rights and defenses. Section 8–40–102, C.R.S. (1994 Cum.Supp.). We find no basis in either the Act or the cases construing it to engraft new principles to the concept of the scope and course of employment. We also agree with the Panel that the General Assembly has not evidenced an intent to preclude all compensation for excessive levels of intoxication. *See Harrison Western Corp. v. Claimants in re Death of Hicks*, 185 Colo. 142, 522 P.2d 722 (1974)

(reduced death benefits awarded although blood alcohol level of decedent was .225%).

#### B.

The petitioners cite out-of-state law for the proposition that if an employee abandons her employment by becoming intoxicated to the extent that she cannot perform her duties, then her injuries do not arise out of her employment. We decline the invitation to follow that authority. It is for the General Assembly, not this court, to change the Workers' Compensation Act.

#### C.

The petitioners maintain that the penalty provisions of § 8–42–112(1)(c), C.R.S. (1994 Cum.Supp.) should not be used to bring the claimant within the scope of her employment and that the level of the claimant's intoxication is pertinent. Because the cited statute has not been used to determine the scope and course of employment, this argument is not persuasive.

#### D.

 Finally, the petitioners argue that the claimant's intoxication equates with willful misconduct which took her outside the scope and course of her employment. However, the Workers' Compensation Act imposes penalties for misconduct that results in injuries, but it does not disqualify the claimant from all benefits. *See* § 8–42–112, C.R.S. (1994 Cum.Supp.).

#### II.

In *Wild West I,* we addressed the petitioners' contention that when a work injury is caused by a claimant's intoxication or willful violation of a safety rule, § 8–42–112(1) requires a reduction in medical benefits. At oral argument following the remand from the supreme court, counsel for petitioners stated:

> I agree that we are not contesting the 50% reduction whether it applies to medical benefits. That issue has been decided.

We agree it's correctly decided and we make no arguments on that today.

Accordingly, we reaffirm our ruling in *Wild West I* on this issue.

Order affirmed.

CRISWELL and TURSI *, JJ., concur.