**STAFF ADMINISTRATORS, INC., and Liberty Mutual Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Archie Reynolds, Respondents.**

No. 97CA0910.

Colorado Court of Appeals, Div. A.

Dec. 11, 1997.

Rehearing Denied Jan. 15, 1998.

Certiorari Granted June 29, 1998.

**510**

Law Offices of Jonathan S. Robbins, Raymond A. Melton, Denver, for Petitioners.

No Appearance for the Industrial Claim Appeals Office.

Keith Killian & Associates, P.C., J. Keith Killian, Gregg E. Van De Mark, Joanna C. Jensen, Grand Junction, for Respondent Archie Reynolds.

Opinion by Justice ERICKSON.*

Petitioners, Staff Administrators, Inc., and its insurer, Liberty Mutual Insurance Company, seek review of a final order of the Industrial Claim Appeals Office (Panel) which determined that Archie Reynolds (claimant) suffered compensable injuries while driving to the worksite designated by his employer, a construction contractor. We affirm.

Claimant, a concrete finisher, was directed by his employer, whose business office is located in Delta, to work at a construction

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Sec. 5(3), and

site in Piceance Creek, approximately 90 miles from claimant's residence in Grand Junction. Claimant testified that on the day of his injury he was carrying a few stakes and hand-edgers to finish and clean up a job.

Claimant also testified that it was employer's practice to have its workers meet at a certain convenience store, where they would fuel one or more employee vehicles at employer's expense before traveling in the vehicles to an out-of-town job site. Claimant was late on the date of his injury and did not reach the convenience store until after his employer and the other workers had left. Therefore, claimant drove his own vehicle from the convenience store to the job site, and was injured when another car lost control on an icy road and collided with his vehicle.

The ALJ found that a condition of claimant's employment was the requirement and expectation that the claimant would travel as part of the job. The ALJ determined that the claimant's accident was compensable because the evidence established that employer required claimant to perform services at a substantial distance from both his home and its place of business and that the risks of the travel became part of the claimant's job.

The Panel determined that the ALJ's findings were supported by the record and, therefore, affirmed the award of benefits.

Petitioners contend that claimant was not in the course of employment at the time of the accident, and that the general rule which denies compensation to an employee for injuries incurred while "going to and coming from" work applies. We disagree.

■ Ordinarily, an employee injured while traveling to or from work is not entitled to workers' compensation benefits because, absent special circumstances, that employee is not within the course or scope of employment during such travel. *Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967); *Mountain West Fabricators v. Madden,* 958 P.2d 482 (Colo.App.1997).

§ 24–51–1105, C.R.S.1997.

However, the general rule and exemption from liability do not apply when special circumstances establish a nexus between travel and the circumstances of employment. *Phillips Contracting, Inc. v. Hirst,* 905 P.2d 9 (Colo.App.1995).

The travel status exception applies when the employer requires the claimant to travel. *Tatum–Reese Development Corp. v. Industrial Commission,* 30 Colo.App. 149, 490 P.2d 94 (1971). The essence of the travel status exception is that when the employer requires the claimant to travel beyond a fixed location established for the performance of his duties, the risks of such travel become risks of the employment. *Martin K. Eby Construction Co. v. Industrial Commission,* 151 Colo. 320, 377 P.2d 745 (1963). In that situation, the claimant must encounter risks not generally encountered by workers going to and from work. *See O.P. Skaggs Co. v. Nixon,* 101 Colo. 203, 72 P.2d 1102 (1937); 1 *Larson's Workers' Compensation Law* § 16.01 (1997).

The "traveling employee" doctrine does not distinguish between salaried and nonsalaried workers, and it does not depend upon the employee being compensated by the employer for transportation, lodging, or meals. *Phillips Contracting, Inc. v. Hirst, supra.*

The determination whether a claimant is a traveling employee at the time of an injury is a question of fact for resolution by the ALJ. *Wild West Radio, Inc. v. Industrial Claim Appeals Office,* 905 P.2d 6 (Colo. App.1995). When the ALJ's determination is supported by substantial evidence in the record it must be upheld. Section 8–43–301(8), C.R.S.1997.

Here, the ALJ found that claimant's testimony was credible and persuasive and resolved all factual disputes in favor of claimant. As the Panel noted, because neither claimant's residence nor his employer's office was located in Piceance Creek, the job assignment necessarily required claimant to travel. Hence, the employee's travel was at the express or implied request of the employer. *See Benson v. Colorado Compensation Insurance Authority,* 870 P.2d 624 (Colo. App.1994).

Further, employer's requirement that the workers meet at a particular store in order to ride together and obtain gasoline inherently benefited the employer and reduced claimant's discretion in choosing the travel route to the job site. Accordingly, we find no error in the ALJ's determination that claimant's injuries are compensable.

In our view, *Mountain West Fabricators v. Madden, supra,* is distinguishable factually from this case. Further, to the extent such case may be viewed as establishing a legal principle applicable here, we decline to follow it.

Order affirmed.

RULAND and PIERCE**, JJ., concur.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Sec. 5(3), and

§ 24–51–1105, C.R.S.1997.