**STAFF ADMINISTRATORS, INC. and Liberty Mutual Insurance Company, Petitioners,**

v.

**Archie W. REYNOLDS and Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 98SC65.**

Supreme Court of Colorado, En Banc.

April 12, 1999.

Rehearing Denied May 10, 1999.

Law Offices of Jonathan S. Robbins, Raymond A. Melton, Denver, Colorado, Attorney for Petitioners.

Keith Killian & Associates, P.C., J. Keith Killian, Richard T. Gurley, Joanna C. Jensen, Grand Junction, Colorado, Attorneys for Respondent Reynolds.

No appearance by or on behalf of Respondent Industrial Claim Appeals Office.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to determine whether the court of appeals erroneously concluded in *Staff Administrators, Inc. v. Industrial Claim Appeals Office*, 958 P.2d 509 (Colo. App.1997), that respondent, Archie W. Reynolds, is entitled to recovery under the Workers' Compensation Act of Colorado, sections 8–40–101 to 8–47–209, 3 C.R.S. (1998).[1] Reynolds was injured in a multiple car accident that occurred while he was driving to do clean up work at a construction site. Relying on the variables set out in our companion case, *Madden v. Mountain West Fabricators*, 977 P.2d 861 (Colo.1999), we hold that,

as a matter of law, Reynolds is entitled to recovery. Therefore, we affirm the decision of the court of appeals.

### I.

On November 28, 1994, at approximately 9:00 a.m., respondent, Archie W. Reynolds, was injured when his car was struck by another vehicle as he was driving to a temporary construction site operated by Armendariz Construction Company in Piceance Creek, Colorado. Earlier that morning, Reynolds had missed the opportunity to rendezvous with other workers at a service station in Grand Junction, Colorado. It was his employer's practice to have its workers meet at this service station to carpool and obtain fuel customarily paid for by the owner of the construction company, David Armendariz. As a result of being late, Reynolds set off alone in his vehicle to the construction site, some ninety miles from Grand Junction.

Petitioner, Staff Administrators, Inc. (Staff Administrators), is an administrative employer that acts as the employer of record for its clients' employees. In this capacity, Staff Administrators pays the workers' compensation coverage for its clients' employees. At the time of Reynolds' accident, Armendariz Construction Company utilized the services of Staff Administrators, so Staff Administrators paid Reynolds' workers' compensation coverage. The petitioner, Liberty Mutual Insurance Company is Staff Administrators' insurer.

On October 8, 1996, a hearing was held before an administrative law judge (ALJ) to determine whether Reynolds sustained an injury arising out of and in the course of his employment. The ALJ awarded benefits after determining that Reynolds' employer required him to perform services at a substantial distance from his home and from his employer's place of business. The ALJ determined that Armendariz Construction Company expected Reynolds to travel as part of his job. The Industrial Claim Appeals Office affirmed, as did the court of

---

1. We granted certiorari on the issue of whether the court of appeals erroneously concluded that an automobile accident involving the claimant was compensable under the Workers' Compensation Act as an injury within the "travel status" exception.

appeals. *See Staff Adm'rs, Inc.*, 958 P.2d at 510–11.

## II.

### A.

 In our companion case, *Madden v. Mountain West Fabricators*, we held that the administrative agency and reviewing courts must consider a number of variables when determining whether an employee who is injured while going to or coming from work has demonstrated special circumstances warranting recovery under the Workers' Compensation Act of Colorado. *See Madden*, 977 P.2d at 864 (citing *Maryland Cas. Co. v. Messina*, 874 P.2d 1058, 1063 (Colo. 1994)). These variables include but are not limited to: (1) whether the travel occurred during working hours, (2) whether the travel occurred on or off the employer's premises, (3) whether the travel was contemplated by the employment contract, and (4) whether the obligations or conditions of employment created a "zone of special danger" out of which the injury arose. *See id.* at 864. Whether meeting one of the variables is sufficient, by itself, to create a special circumstance warranting recovery depends upon whether the evidence supporting that variable demonstrates a causal connection between the employment and the injury such that the travel to and from work arises out of and in the course of employment. *See id.* at 865.

### B.

 Applying these variables to the facts of this case, we find that there is no evidence that Reynolds' injury occurred during working hours or that it occurred on his employer's premises. In addition, there is no evidence in this case that Reynolds' injury occurred within a zone of special danger warranting recovery. However, there is sufficient evidence to support the ALJ's finding that travel was contemplated by Reynolds' employment contract with his employer, Armendariz Construction Company, to warrant recovery under the Workers' Compensation Act of Colorado.

We reach this conclusion because the evidence in this case supports a finding that travel was singled out for special treatment.

The owner of the construction company, David Armendariz, had arranged for his employees to rendezvous at a service station in Grand Junction on the morning of Reynolds' injury. It was Armendariz' custom to pay for gas and to arrange a carpool for his employees. Given this custom and the fact that the job site was approximately ninety miles from the rendezvous site, it is apparent that Reynolds' travel to the job site was a substantial part of service to his employer. Because this travel was a substantial part of Reynolds' service to his employer, we hold that this evidence is sufficient, by itself, to demonstrate a causal connection between Reynolds' employment and his injury.

## III.

As a result, we hold that the evidence supports a finding that Reynolds is entitled to recovery under the Workers' Compensation Act of Colorado. We affirm the decision of the court of appeals upholding the award of benefits to Reynolds.