Opinion by
Mr. Justice Doyle.
This is a case arising under the Workmen’s Compensation Act. Review, of a judgment of the district court is sought by the insurance carrier and employer. The claimants before the Commission, defendants in error, are the widow and surviving child of the deceased employee. They claim death benefits on the basis that decedent’s death resulted from an accident arising out of and in the course of his employment.
The only evidence before the Commission was that offered on behalf of the claimants. It appears therefrom that decedent was orginally employed by a partnership called Geophoto Services; that on July 1, 1957, this partnership was succeeded by a corporation organized under the laws of Colorado and known as Geophoto Services, Inc. The partnership had sent decedent to Libya in *311 April 1957 to perform geologist services on a specific project. While there he traveled to various places in North Africa and performed highly responsible service. This activity continued until April 5, 1959, on which date decedent left Libya, on travel orders of his- employer, enroute to Denver, the headquarters of the employer. Decedent and his wife spent several days in Europe on vacation. They purchased an automobile in Germany and then traveled to the United States by boat. After arrival in the United States they commenced the journey to Denver by car. The death occurred in an automobile accident in Pennsylvania on May 12, 1959. Decedent died almost immediately from the injuries incurred in this accident. Although the decedent’s destination was Denver, he was traveling on the Pennsylvania Turnpike in an easterly direction at the time of the accident.
Two claims for death benefits were filed. One was against Geophoto Services, Inc., and the other was against Geophoto Libya, Inc. These claims were consolidated for hearing before the referee on December 17, 1959. The referee entered an order (on January 18, 1960) denying and dismissing the claim filed against Geophoto Libya, Inc., but awarded compensation against Geophoto Services, Inc. A petition for review was filed by the employer and insurance carrier, and following extensive hearings the Commission entered its award affirming and adopting the referee’s order. The insurance carrier then instituted this action in the district court seeking to set aside the award of the Commission. From a judgment affirming the Commission’s award, the plaintiffs are here on writ of error.
As grounds for reversal, plaintiffs in error urge:
First, that at the time of the accident decedent was not engaged in the performance of services for his employer, therefore his death was not the result of an accident arising out of and in the course of his employment.
Second, that the Commission lacked jurisdiction to *312 enter the award because the work was being performed outside Colorado.
I.
In support of the first point, it is argued that since claimants have the burden of proof it was incumbent upon them to establish that decedent was engaged in activity within the course of his employment at the time of the accident. This, they say, he failed to do since the undisputed evidence shows that he was traveling in an easterly direction away from Denver, his ultimate destination. This indicates, they say, that he was engaged in personal activity and having stepped out of the course of his employment, was not within the coverage of the Act. Rand v. Industrial Commission, 110 Colo. 240, 132 P. (2d) 784, and Miller v. Denver Post, Inc., 137 Colo. 61, 322 P. (2d) 661, are relied on.
There are numerous authorities holding that an employee in a traveling status is within the protection of the Act. See Industrial Commission v. Moynihan, 94 Colo. 438, 32 P. (2d) 802; O. P. Skaggs Co. v. Nixon, 97 Colo. 314, 50 P. (2d) 55; Aetna Casualty and Surety Co. v. Industrial Commission, 110 Colo. 422, 135 P. (2d) 140; Alexander Film Co. v. Industrial Commission, 136 Colo. 486,319 P. (2d) 1074.
The Rand case, supra, does indeed recognize the principle that where an employee is injured during a period of departure from his employment activities he is not within the coverage and protection of the Act. There the claimant, a salesman, had quit work at 1:30 P.M. on Saturday afternoon and had been engaged in various personal activities during a period of several hours and was shown to be on a specific personal errand just prior to injury and manifestly was not engaged in the work of his employer at the time of the accident. The Commission found this to be the fact and denied compensation. The Rand case does not control the instant fact situation. The evidence here discloses that the decedent, who was chief geologist for Geophoto Services, Inc., had *313 been engaged in various activities for his employer not only in Europe but in several places in North Africa. He completed his mission in North Africa and was ordered to return to Denver via Tunis and Madrid. In these latter places he performed work for his employer. He sailed from Stockholm in accordance with arrangements which had been approved by his employer. The evidence clearly established that he was returning to Denver, and there is no suggestion in the testimony other than the fact that his automobile was headed in an easterly direction, that he had abandoned the service of his employer.
The scope and extent of Workmen’s Compensation coverage in like circumstances is fully discussed in Alexander Film Co. v. Industrial Commission, supra. There the Court in an opinion by Mr. Justice Frantz said:
“Mr. Olson, by reason of his employment, incurred the risks necessary and incident to such employment. Away from home the hazards of the road, and those hazards involved in the necessary ministrations of self, were the normal and necessary incidents to the paramount purpose of his presence in Michigan, i.e., the production of playlets and scenarios. Required to be away from his home by the duties of his employment, his compensation covering the expenses necessary and incident to living away from home, any hazards present in staying at the motel, eating at a restaurant, and in going to and from these places come within the ambit of the compensation act.”
In the Aetna case, supra, the decedent was killed while traveling through Kansas enroute to Detroit, Michigan, for his employer and it was argued that this deviation in and of itself was sufficient to render the injury and death non-compensible. However, the court ruled that if the work of the employee creates a situation requiring travel the injury is covered even though at the particular time the employee was not following a direct route.
The test followed in the Aetna case is the same test *314 that was pronounced by the Court of Appeals of New York in Marks v. Gray, 251 N.Y. 90, 167. N.E. 181. Mr. Justice Cardozo’s lucid analysis of the problem is as follows:
“ * * * What concerns us here is whether the risks of travel are also risks of the employment. In that view, the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure of its perils. A servant in New York informs his master that he is going to spend a holiday in Philadelphia, or perhaps at a distant place, at San Francisco or at Paris. The master asks him while he is there to visit a delinquent debtor and demand payment of a debt. The trip to Philadelphia, the journey to San Francisco or to Paris, is not a part of the employment. A different question would arise if performance of the service were to occasion a detour, and in the course of such detour the injuries were suffered. * * * ”
1 Larson, Workmen’s Compensation, Sec. 18.12, describes the Marks v. Gray, supra, formula as one which has “never yet been improved upon,” commenting on Marks v. Gray and similar cases, all of which by contrast, show that the employer may not succeed in showing a deviation from the main objective by merely establishing that decedent’s vehicle, at least momentarily, was proceeding in a direction opposite from his objective. Larson observes as follows:
“In Marks v. Gray, a plumber’s helper who was going to drive to a neighboring town to meet his wife, was asked by his employer to fix some faucets there — a trifling job which would not in itself have occasioned the trip. In applying the test, Judge Cardozo concluded that, if at the last minute word had come that the faucets no longer needed fixing, the trip would nevertheless have gone forward, while if the necessity of meeting his wife had disappeared, the employee would not have made the trip to fix the faucets. Another leading case applying this test is Barrager v. Industrial Commission, *315 in which a salesman, who was about to travel from Milwaukee to northern Wisconsin to bring back his family from a vacation trip, was asked by his employer to make two business calls along the route. He made the calls on his trip out, and also made one on his way back; then while on the regular route home he was involved in an accident. Compensation was denied in both cases, as it was also in Mandell’s Case, in which the president of the employer corporation took a trip to Mexico with his wife at the expense of the corporation at a time when he was in poor health. While in Mexico, he acquired fifty dollars worth of goods for the corporation and a gastro intestinal illness for himself, for which he sought compensation. The court concluded that the real motive to making the trip was claimant’s health and not the purchase of fifty dollars worth of goods.”
From a reading of these decisions and the other cases cited, it seems clear that the plaintiff, who was traveling pursuant to company orders, was within the scope and coverage of the Act even though he was at the moment of impact driving in the wrong direction. It would be both illogical and unjust to hold the injury non-compensible because of a temporary direction departure occurring in the course of a covered journey of several thousand miles. Claimants satisfied their burden when they showed that claimant was traveling pursuant to orders. It was incumbent on the insurer to show a specific deviation. See 1 Larson, supra, 19.50, 25.00. We therefore conclude that the first point urged by the insurance carrier and employer must be rejected.
II.
We turn now to the question of jurisdiction. It is said that because Geophoto Services, Inc., a corporation, did not come into existence until July 1, 1957, on which date decedent was in Libya, that the contract of employment actually arose under the law of Libya since decedent had to accept the offer of the corporation in Libya, and thus the contract of employment was subject *316 not to the laws of Colorado but the laws of Libya. Although this is a most ingenious argument, it has little appeal in view of the fact that there was no substantial change in the decedent’s employment. His status as employee was not changed by virtue of the change in the character of business entity adopted by his employer. Thus we conclude that the contract of hire occurred in Colorado prior to the date decedent departed on his journey to Libya.
III.
The further point is urged that C.R.S. ’53, 81-16-3, restricts coverage of the Workmen’s Compensation Act for injuries incurred out of the state to those incurred by an employee within a six-month period after his departure from the state unless the employer elects to extend coverage for a greater period of time. Here again the facts are opposed to the carrier’s position. To be sure, the decedent was absent from Colorado for a period exceeding six months. However, in December of 1958 he returned to Denver on orders from the company and engaged in his employment in Denver for a period of one week or ten days. So the question is: When shall the six-month limitation period commence to run? Shall it be from the date of the original employment or from the date of his departure following his most recent assignment to Colorado? We are of the opinion that the six-month period should not bar a claim where it appears, as in the instant case, that the decedent had returned upon orders of his employer and for its purposes within six months immediately prior to his injury. The cited statutory provision declares:
“ * * * This provision (meaning the provision covering injuries incurred outside of the state) shall apply only to those injuries received by the employee within six months after leaving this state, * * * ”
To uphold the contention of the carrier and the employer, it would be necessary to read into the statute the word “first” immediately preceding the word “leav *317 ing.” The injuries and death occurred within six months after the employee left the state. Thus the limiting provision of C.R.S. ’53, 81-16-3, does not apply to the situation under review.
For the reasons set forth above, the judgment is affirmed.
Mr. Chief Justice Hall and Mr. Justice McWilliams concur.