No. 20,306.

MARTIN K. EBY CONSTRUCTION CO., INC., ET AL., v.
INDUSTRIAL COMMISSION OF COLORADO AND TRINIDAD
LEROY ROMERO.
(377 P. [2d] 745)

Decided January 7, 1963.    Rehearing denied January 28, 1963.

Messrs. McComb, Zarlengo and Mott, Mr. Leonard V. Carlin, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

Messrs. Wormwood, O'Dell and Wolvington, Mr. William P. DeMoulin, for defendant in error Trinidad Leroy Romero.

*In Department.*

Opinion by Mr. Justice Frantz.

The question for determination is whether the Colorado Workmen's Compensation Act (C.R.S. '53, 81-1-1 et seq.), which provides compensation for personal injury or death of an employee by accident "arising out of and in the course of his employment," is applicable, under the circumstances of this case, to an injury sustained by Romero while en route to a construction job on which he had been hired as a laborer.

Considering the testimony in connection with the findings of the Industrial Commission, the following represents a fair summary of the facts.

Martin K. Eby Construction Co., Inc., had engaged to do construction work on a missile site to be built "approximately 17 miles into the old Lowry Field Bombing Range." It employed Romero to work at the missile site as a construction laborer.

On May 8, 1961, at about 10:30 p.m., Romero was operating his motor vehicle toward his destination, "Site C-1," where he was to commence his work for the day at 11 o'clock. At that time he was approximately one mile from "Site C-1," and had passed through security gates for "Site 1-A" and "Site 2-A."

The traveling distance from the first security gate to "Missile Site C-1" was approximately 17 miles. When Romero had reached the point where he was about one mile from "Missile Site C-1," one of his tires blew out as he was rounding a curve, causing his car to turn over, and as a result of the mishap he sustained injuries to his left shoulder.

Romero was hospitalized, and at the time of the hearing (July 20, 1961) he was still incapacitated by his injury. An award of temporary total disability was entered. It is this award which is the subject of attack by writ of error.

At the time of the injury, Romero was receiving the sum of $2.48 per hour for his labor, and, in addition, one hour's travel time per day. The company did not supply Romero with the car he was using, nor with the gas to operate it.

The Commission found that the only mode of transportation by which Romero could reach his place of work was by automobile; that fact, plus the fact that he was receiving one hour's travel time each day, were in the Commission's view taken into account in the employment contract. The Commission further found that "considering all the facts and circumstances of this

case, even though the site of the accident was not owned or even controlled by the employer, it is so closely associated with the place of employment as to be in effect a part of the premises, the point of injury lying on the only route or, at least, on the normal route which the employee must travel to reach his place of employment. Therefore, the hazards of that route become the hazards of the employment."

At the outset it should be observed that it is common knowledge that missile sites are under the control of the Federal Government, and that the areas in which they are located become closely restricted because they involve the security of the nation. It follows that the ways of passage within such areas are not open to public use. This restriction of use is the proper subject of judicial notice, *Ivey v. United States*, 88 F.S. 6; see *C. & S. Air Lines, Inc., v. Waterman Steamship Corp.*, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568; it was equally within the administrative knowledge of the Commission.

It is the general rule that compensation is not recoverable by an employee who is injured on his way to or from work. *Comstock v. Bivens*, 78 Colo. 107, 239 Pac. 869. But we are reminded in the cited case that to this general rule "there are exceptions as well established as the rule itself." In considering compensation cases, this court and others have from time to time been called upon to recognize and apply these exceptions. Some of them apply to the instant case; only two of them need be considered.

Mr. Justice Cardozo furnished a guide which has received considerable favorable comment. It forms a notable exception to the general rule, and was enunciated in the case of *Marks' Dependents v. Gray*, 251 N.Y. 90, 167 N.E. 181. We adopted the rule in *Employers' Liability Assurance Corp. v. Industrial Commission*, 147 Colo. 309, 363 P. (2d) 646. Justice Cardozo stated the rule thus: "* * * What concerns us here is whether the risks of travel are also the risks of the employment. In

that view, the decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils."

■ Here the Commission found that "the hazards of the route [became] the hazards of the employment." The evidence, and the inferences which could be drawn from it, justified the finding. The exception to the rule just quoted fits the finding, and it is not our function to disturb an administrative determination reaching us in such condition. *Morrison Bar v. Industrial Commission,* 138 Colo. 16, 328 P. (2d) 1076.

■ Another exception to the rule, said to be universally recognized *(Gallman v. Spring Mills,* 201 S.C. 257, 22 S.E. (2d) 715), is in these words: "* * * However, the employer may agree, either expressly or impliedly, that the relationship shall continue during the period of 'going and coming,' in which case the employee is entitled to the protection of the act during that period. * * * It seems equally clear that such an agreement may also be inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work."

*Serrano v. Industrial Commission,* 75 Ariz. 326, 256 P. (2d) 709; *Kobe v. Industrial Acc. Commission,* 35 Cal. (2d) 33, 215 P. (2d) 736; 99 C.J.S., Workmen's Compensation, §233, p. 818. See *Industrial Commission v. Aetna Co.,* 64 Colo. 480, 174 Pac. 589, 3 A.L.R. 1336; *Comstock v. Bivens,* supra.

It should be recalled "that employment is not necessarily synchronous with contract of service, but that in all those things that he is entitled to do by virtue of his contract, he is for the purposes of the Act employed to do, and they are therefore within his contract of employment." *Industrial Commission v. Aetna Co.,* supra; *Comstock v. Bivins,* supra.

■ A finding by the Commission, supported by evidence and inferences drawn from it, to the effect that

the contracting parties contemplated the use of an automobile by Romero to reach his work and provided him with travel pay, brought the case within the ambit of the last mentioned exception. The employment relationship existed when Romero suffered his accident. The Commission so determined; and the evidence, and inferences properly deducible from it, warrant the conclusion of the Commission. Hence, we have no alternative but to affirm.

The judgment is affirmed.

MR. JUSTICE McWILLIAMS and MR. JUSTICE PRINGLE concur.