490 P.2d 94 (1971)
TATUM-REESE DEVELOPMENT CORP., and the St. Paul Insurance Companies, Petitioners,
v.
INDUSTRIAL COMMISSION of Colorado and Claimants in the Matter of the Death of Thomas David Walters, Respondents.
No. 71-210.
Colorado Court of Appeals, Div. I.
October 27, 1971.
*95 Robert W. Hansen, Denver, for petitioners.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Comm. of Colorado.
Yegge, Hall & Evans, Don R. Evans, Denver, for respondents Claimants in the Matter of the Death of Thomas David Walters.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a final order of the Colorado Industrial Commission awarding full benefits to claimants for the death of Thomas David Walters. Petitioners' (hereinafter referred to as such or as the "employer") principal contention is that decedent was not acting within the course of his employment at the time of his death, and that therefore the Commission erred in awarding full benefits to claimants.
The facts as determined by the referee are these: The employer was a corporation engaged in the business of selling real estate in a mountain subdivision. The employer hired decedent as a member of its sales force and he entered into an on-the-job training program. His contract of employment required, among other things, that he report for work at employer's office in the Denver area every weekday at 6:30 p. m. to telephone prospective buyers and that he provide his own transportation to the mountain subdivision for the purpose of showing the property to prospective customers. Beyond his regular real estate commissions, decedent was to receive no additional compensation from the employer for use of his personal vehicle.
On the day of his death, decedent drove from Denver to the subdivision for the express purpose of familiarizing himself with the property. The sales manager and several other sales personnel were on the premises. Around 1:30 p. m., these parties met at a nearby restaurant for lunch. The decedent was last seen, alone in his car, departing from the restaurant and heading east in the direction of Denver. On a highway between the restaurant and Denver, the deceased failed to negotiate a turn and was killed instantly in a one-car accident. Decedent was to have reported for work at 6:30 p. m. that same day at the Denver office to continue his on-the-job training in sales solicitation. By company regulations he would have been required to change from informal attire, which was proscribed at the mountain sites, to a business suit for the evening activities.

I.
The employer assigns as error the Commission's finding that the award was not barred by the "coming and going rule" which denies compensation to an employee injured while on his way to or from work. Berry's Coffee Shop, Inc. v. Palomba, 161 Colo. 369, 423 P.2d 2; Industrial Commission v. Nissen, 84 Colo. 19, 267 P. 791; Industrial Commission v. Anderson, 69 Colo. 147, 169 P. 135. In support of their position, petitioners point out that claimant was on his own time from 1:30 until 6:30 p. m., thus the fatal accident occurred while he was not actually performing services for the employer.
One of many exceptions to this rule, however, is that where an employee is in a travel status, as distinguished from simply going to and from work, he is normally within the course of his employment from the time he leaves his home until he returns to it. Electric Mutual Liability Insurance Co. v. Industrial Commission, 154 Colo. 491, 391 P.2d 677; O. P. Skaggs Co. v. Nixon, 101 Colo. 203, 72 P.2d 1102. The "travel status" exception is applicable where an employee is required to travel away from his home city or town on his employer's business. See, e. g., Employers' Liability Assurance Corp. v. Industrial Commission, 147 Colo. 309, 363 P.2d 646; Alexander Film Co. v. Industrial Commission, 136 Colo. 486, 319 P.2d 1074. In the *96 case at hand, the referee's findings, later affirmed by the Commission, stated:
"* * * [T]he trip the deceased was performing on April 7, 1970 was with the implied consent and of benefit to his employer and a substantial part of the service for which he was employed was like the traveling salesman, he remained within the scope of his employment until he returned to his home."
It has been repeatedly held that where, as here, the findings of the Commission are supported by evidence, they are binding upon the reviewing court. Skaggs Co. v. Nixon, supra; Mohawk Rubber Co. v. Cribbs, 165 Colo. 526, 440 P.2d 785; Industrial Commission v. Havens, 136 Colo. 111, 314 P.2d 698. Accordingly, the finding of the Commission that the decedent died while in the course of his employment is affirmed.

II.
Petitioners further contend that the Commission erred in finding that decedent's intoxication was not the proximate cause of the accident. Had a contrary ruling been made, claimants' award would have been subject to a 50% reduction. C. R.S.1963, 81-13-4(1) (d). See Mohawk Rubber Co. v. Cribbs, supra.
Clearly, the causal connection between the blood alcohol level of the decedent and the accident is a question of fact for determination by the Commission. We will not disturb its finding on review as there is no testimony that the decedent's driving ability was impaired. See Skaggs v. Nixon, supra. There is testimony in the record that decedent's blood alcohol level was .10 percent, but neither this testimony nor any other evidence in the record would require a finding, as a matter of law, that intoxicants caused or contributed to the accident. J. C. Carlile Corp. v. Antaki, 162 Colo. 376, 426 P.2d 549.
Order affirmed
SILVERSTEIN, C. J., and ENOCH, J., concur.