**WHALE COMMUNICATIONS d/b/a Radio Station Magic 99, Petitioner,**

**v.**

**Claimants in the Matter of the DEATH OF Susan Lee OSBORN and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 87CA1766.

Colorado Court of Appeals, Div. III.

July 7, 1988.

Frasher, Trechter, Gradisar & Wilson, Nicholas Gradisar, Pueblo, for petitioner.

Jon C. Thomas, P.C., Jon C. Thomas, Colorado Springs, for respondent claimants of Susan Lee Osborn.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office of the State of Colo.

STERNBERG, Judge.

Whale Communications, d/b/a Radio Station Magic 99 (employer) contests the final order of the Industrial Claim Appeals Office (Panel) which awarded workmen's compensation benefits for the death of Susan Lee Osborn (employee). We affirm and remand with directions.

For purposes of our review we assume that employee was killed while driving her own automobile from her office to her home, although, arguably, she could have been driving to the business of a customer of employer. The question is whether her death is compensable solely by virtue of the fact that she was required to use her automobile to meet with clients during the work day.

The Panel correctly resolved this issue. Generally, an injury sustained while going to or coming from work is not compensable. *Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967). However, the requirement that employee bring her automobile to work for use in pursuing employer's business conferred an added benefit on employer beyond the mere fact of employee's arrival at work. Such special circumstances establish a causal connection between employee's work and her death and is an exception to the general "going and coming" rule. *State Compensation Insurance Fund v. Industrial Commission,* 89 Colo. 426, 3 P.2d 414 (1931); *Varsity Contractors v. Baca,* 709 P.2d 55 (Colo.App.1985).

The rationale for this exception is that the travel becomes a part of the job since it is a service to the employer to convey to the premises a major piece of equipment devoted to the employer's purposes. Such a requirement causes the job duties to extend beyond the work place and makes the vehicle a mandatory part of the work environment. In addition, a requirement to provide one's own automobile for work eliminates the employee's option to utilize other means of private or public transportation and thereby avoid the very sort of

hazard that caused decedent's demise. *See* 1 A. Larson, *Workmen's Compensation Law,* § 17.50 (1985).

The Panel's order is affirmed and the cause is remanded for an award of dependency benefits to employee's eligible dependents. Moreover, since it is undisputed that employer did not carry workmen's compensation insurance at the time of the injury, such benefits shall be increased by fifty percent pursuant to § 8–44–107(1), C.R.S. (1986 Repl. Vol. 3B).

METZGER and HUME, JJ., concur.