**Shelley and William BENSON, Plaintiffs–Appellees,**

v.

**COLORADO COMPENSATION INSURANCE AUTHORITY and Alpha & Omega Health Services, Defendants–Appellants,**

and

**Farmers Insurance Exchange, Defendant–Appellee.**

No. 93CA0070.

Colorado Court of Appeals, Div. V.

Feb. 10, 1994.

Hult, Garlin & Driscoll, Stephanie Smith Hult, David J. Driscoll, Boulder, for plaintiffs-appellees.

Tracy J. Cross, Denver, for defendant-appellant Colorado Compensation Ins. Authority.

H. Kenneth Johnston, Broomfield, for defendant-appellant Alpha & Omega Health Services.

Hall & Evans, L.L.C., Alan Epstein, Denver, for defendant-appellee Farmers Ins. Exchange.

Opinion by Judge RULAND.

In an action for declaratory judgment, defendants, Colorado Compensation Insurance Authority (CCIA) and Alpha & Omega Health Services, appeal from a judgment determining that plaintiff, Shelley Benson, was acting within the course and scope of her employment with Alpha & Omega at the time she was injured in an automobile accident. We affirm.

The operative facts are undisputed. Plaintiff was employed as a home health aide by Alpha & Omega to aid elderly and disabled

patients in their homes. Plaintiff was compensated only for the time she spent at patients' homes, and not for time spent traveling to and from patients' homes. Also, plaintiff was not reimbursed for gasoline or mileage in connection with her employment.

On the day in question, plaintiff and a co-employee left the home of one patient together at 2:00 p.m. They had lunch together and then were traveling in separate vehicles to their 3:00 p.m. appointment when plaintiff's automobile was struck from the rear by the car driven by the co-employee. Plaintiff suffered injuries as a result of the collision.

The co-employee was not insured at the time of the accident. Plaintiff, however, had automobile insurance, including uninsured motorist coverage, through defendant Farmers Insurance Exchange.

After the accident, plaintiff filed a workers' compensation claim with the Division of Labor. CCIA, Alpha & Omega's workers' compensation insurance carrier, denied liability contending that plaintiff was not acting within the course and scope of her employment at the time she was injured. Farmers also denied plaintiff's uninsured motorist claim on the basis that since plaintiff and the other driver were co-employees, plaintiff's sole remedy was through workers' compensation.

Plaintiff then filed an action for declaratory relief against Farmers, Alpha & Omega, and CCIA. Plaintiff asserted that she was entitled to uninsured motorist benefits from Farmers and requested a determination of her rights. Farmers asserted in its answer that its policy did not provide benefits because plaintiff and her co-employee were acting in the course and scope of their employment at the time of the accident.

Alpha & Omega and CCIA filed motions to dismiss, asserting that the trial court lacked subject matter jurisdiction of the case and that plaintiff had failed to exhaust her administrative remedies before the Division of Labor. Plaintiff responded with a motion for summary judgment against Farmers requesting an order establishing that plaintiff's claims were covered by the uninsured motorist provisions of Farmers' policy, and not under workers' compensation.

Initially, the trial court denied both motions. However, after hearing oral argument in response to plaintiff's motion for reconsideration, the court entered a declaratory judgment, concluding that, based on the undisputed facts, both plaintiff and her co-worker were acting within the course and scope of their employment with Alpha & Omega at the time of the accident.

I.

■ CCIA and Alpha & Omega first contend that, because the issue before the trial court was critical to a determination of plaintiff's workers' compensation claim, the trial court lacked subject matter jurisdiction to decide whether plaintiff was acting within the scope of her employment. We find no merit in this contention.

We conclude that the trial court is the proper forum for resolution of plaintiff's claim for uninsured motorist benefits and that this claim is independent of any workers' compensation claim. Certainly Farmers could have filed this declaratory judgment action to determine its contractual obligation to plaintiff, and it would be illogical to hold that plaintiff could not do so simply because an issue relating to coverage may also be involved in resolution of a workers' compensation claim. *See Barnett v. American Family Mutual Insurance Co.*, 843 P.2d 1302 (Colo.1993). Hence, if, as in this case, a plaintiff asserts that she was *not* within the scope of her employment at the time of injury, the court is not deprived of jurisdiction to determine her entitlement to insurance proceeds merely because that issue requires a determination of a scope of employment issue. *See Stuart v. Frederick R. Ross Investment Co.*, 773 P.2d 1107 (Colo.App.1988) (a claimant is not foreclosed from pursuing a tort claim against co-employees and an employer if claimant was not acting within the scope of her employment at the time of an injury).

As a further result, contrary to CCIA's and Alpha & Omega's contention, the fact that plaintiff failed to exhaust her administrative remedies before the Division of Labor is not relevant here to the issue whether she

had coverage for uninsured motorist benefits from Farmers.

## II.

■ CCIA and Alpha & Omega next contend that the Workers' Compensation Act authorizes only the director and the administrative law judges designated by statute to enter orders concerning workers' compensation claims. Because plaintiff failed to join the Division of Workers' Compensation and the Division of Administrative Hearings as indispensable parties to the action, CCIA and Alpha & Omega argue that the trial court erred in entering a declaratory judgment. We reject this contention.

As noted, the trial court's decision was made within the context of plaintiff's claim for uninsured motorist coverage. Neither the director nor the ALJs are authorized by the Act to resolve this claim. Hence, we find no basis for concluding that the referenced agencies were indispensable parties in this case.

## III.

■ CCIA and Alpha & Omega also contend that because Farmers failed to provide a written response either to plaintiffs' motion for summary judgment or to their motion for reconsideration, the trial court erred in permitting Farmers to present oral argument at the reconsideration hearing. We are not persuaded.

Failure to respond to a motion for summary judgment, in and of itself, cannot serve as the basis for entry of judgment. *Pistora v. Rendon,* 765 P.2d 1089 (Colo.App.1988). By the same reasoning, the trial court may consider oral argument on the motion even if no written response has been filed. Therefore, we conclude that Farmers was properly permitted to present oral argument at the reconsideration hearing.

■ CCIA and Alpha & Omega also argue that the court erred in considering authority cited by Farmers for the first time at the hearing and in not giving them a meaningful opportunity to respond to Farmer's argument. Again, we are not persuaded.

Although C.R.C.P. 56 and C.R.C.P. 121 contemplate that opposing parties will be provided an opportunity to respond to authority cited in support of or in opposition to any motion, based upon the record before us, CCIA and Alpha & Omega have shown no prejudice in this case.

## IV.

Finally, CCIA and Alpha & Omega contend that, based on the undisputed facts, the trial court erred in determining that plaintiff was acting within the course and scope of her employment at the time of the accident. We also reject this contention.

■ Generally, injuries sustained while traveling to or from work are not considered to have occurred within the scope of employment. *Varsity Contractors v. Baca,* 709 P.2d 55 (Colo.App.1985). However, an exception applies when the employee's travel is at the express or implied request of the employer or when the travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work. *National Health Laboratories v. Industrial Claim Appeals Office,* 844 P.2d 1259 (Colo.App.1992).

■ Here, plaintiff was traveling between job assignments for her employer, and, because of the nature of her employment, this travel conferred a benefit on Alpha & Omega beyond the mere fact of her arrival at work. *See Whale Communications v. Claimants In re Death of Osborn,* 759 P.2d 848 (Colo.App. 1988); *see also* 1 A. Larson, *Workmen's Compensation Law* §§ 17.51 and 17.52 (1993).

Therefore, after considering the totality of the circumstances, we concur with the trial court's determination that the undisputed facts reveal a sufficient nexus between plaintiff's injury and her employment with Alpha & Omega to determine as a matter of law that the accident occurred within the scope of her employment. *City & County of Denver School District No. 1 v. Industrial Commission,* 196 Colo. 131, 581 P.2d 1162 (1978).

Accordingly, the judgment is affirmed.

MARQUEZ and KAPELKE, JJ., concur.