**PHILLIPS CONTRACTING, INC. and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Steven R. HIRST and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 94CA1233.**

Colorado Court of Appeals, Div. II.

Aug. 10, 1995.

Rehearing Denied Sept. 7, 1995.

---

\* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Colorado Compensation Insurance Authority, Paul Tochtrop, Curt Kriksciun, Denver, for petitioners.

Lutz & Berkowitz, P.C., Stephen N. Berkowitz; Clayton and Stone, L.L.C., F. Brittin Clayton, III, Boulder, for respondent Steven R. Hirst.

No appearance for respondent The Industrial Claim Appeals Office of the State of Colorado.

Opinion by Judge PIERCE *.

This review proceeding by petitioners, Phillips Contracting, Inc., and Colorado Compensation Insurance Authority, requires us to consider the scope of workers' compensation coverage under the traveling employee doctrine. The claimant, Steven R. Hirst, an out-of-state employee on a Colorado road crew, was severely injured while returning to his employer's job site after completing a personal errand. The Industrial Claim Appeals Panel affirmed an order of the Administrative Law Judge (ALJ) awarding benefits for the injury. We affirm.

The evidence viewed in a light most favorable to the award establishes the following. Phillips Contracting, Inc., a Texas corporation, entered into a contract with the Colorado Department of Highways to install road signs, guardrails, and fencing. The work began in August 1990 and continued through the date of the claimant's accident, on October 20, 1990.

The claimant and other crew members were hired in the state of Texas and were transported to Limon, Colorado, in vehicles provided by Phillips. While in Colorado, claimant and other crew members stayed at a hotel, among other temporary quarters, in Limon. Because most of the crew members did not have access to personal vehicles, Phillips allowed certain crew members to use company vehicles.

On the day of the accident, a Saturday, one of the crew members obtained permission from the project superintendent to drive a company truck into Colorado Springs so that he and the claimant could do their laundry and purchase winter clothes. After completing their personal errands, the two men stopped at a bar. Although the claimant's co-worker consumed several beers, there was no evidence that the claimant consumed any alcohol.

The two men left the bar and began driving back to Limon. Just outside of Limon, the co-worker lost control of the truck, causing it to roll over. The claimant was thrown from the vehicle and sustained severe head injuries which have left him in a coma. At the time of hearing, he was hospitalized and required round-the-clock monitoring and care.

The ALJ initially denied recovery on the ground that the accident occurred outside the course and scope of the claimant's employment. On review, the Panel set aside the order. The Panel concluded that the ALJ had misapplied the law by failing to consider whether claimant was in travel status at the time of injury. Further, based on the ALJ's findings of fact, it concluded that, because the claimant had completed his personal errand and was on route back to the job site at the time of injury, he was entitled to coverage as a traveling employee. The Panel remanded the cause for a determination of benefits, at which time full medical and disability benefits were awarded.

## I.

Petitioners contend that the Panel misconstrued the traveling employee doctrine. They argue that the doctrine should be limited to salaried employees and to cases in which the employer has paid for the traveling employee's food, lodging, and transportation. Further, because the claimant was hired for a job of 3 to 4 months duration, petitioners argue that he should not be considered a traveling employee. We reject these contentions.

▮ An employee whose work requires travel away from the employer's premises is held to be within the course of employment continuously during the trip, except when the employee makes a distinct departure on a personal errand. *Employers' Liability Assurance Corp. v. Industrial Commission,* 147 Colo. 309, 363 P.2d 646 (1961).

▮ If an employee in travel status departs from the employer's business on a "personal errand" and is injured during the errand, the injury is not compensable. *Silver Engineering Works, Inc. v. Simmons,* 180 Colo. 309, 505 P.2d 966 (1973). However,

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

once the errand is completed and the employee has returned to a normal travel routine, he is once again under continuous workers' compensation coverage. *Pat's Power Tongs, Inc. v. Miller,* 172 Colo. 541, 474 P.2d 613 (1970); *Continental Airlines v. Industrial Commission,* 709 P.2d 953 (Colo.App. 1985).

The "traveling employee" doctrine does not distinguish between salaried and non-salaried workers; nor does the doctrine depend upon the employee being compensated by the employer for transportation, lodging, and meals. While these factors may be indicative of business travel when that is an issue in dispute, the absence of one or more of these factors does not, in and of itself, disqualify a claimant from receiving benefits. *See, e.g., Tatum–Reese Development Corp. v. Industrial Commission,* 30 Colo.App. 149, 490 P.2d 94 (1971).

Here, it was undisputed that the claimant was hired at the employer's place of business in Texas and was required to travel to a job site in Colorado in order to do the employer's work. Under these facts, the claimant qualified as a traveling employee.

We also reject petitioners' suggestion that, because the Limon job lasted from 3 to 4 months, the claimant's travel to Colorado should be treated as a permanent relocation, rather than temporary travel. First, there is no evidence that the claimant intended permanently to relocate to Colorado. Furthermore, we perceive no basis for distinguishing between an employee who must travel to a specific location for a period of time and an employee who travels from site to site on a daily basis. *See Wright v. Industrial Commission,* 62 Ill.2d 65, 338 N.E.2d 379 (Ill. 1975) (holding that an hourly-wage construction worker at a specific job site is a traveling employee).

## II.

Petitioners next argue that, even if the claimant was a traveling employee, the fact that he made a 156–mile round-trip to Colorado Springs on a day-long personal errand removed him from the scope of employment. Again, we disagree.

Under workers' compensation law, it is generally not necessary for an employee to be actually engaged in work duties at the time of an accident for an injury to be compensable. *See General Cable Co. v. Industrial Claim Appeals Office,* 878 P.2d 118 (Colo. App.1994) (after hours relationship between supervisor and employee); *Ventura v. Albertson's, Inc.,* 856 P.2d 35 (Colo.App.1992); (after hours altercation between co-workers); *Northwest Conejos Fire Protection District v. Industrial Commission,* 39 Colo.App. 367, 566 P.2d 717 (1977) (volunteer fireman injured in public ceremonial function).

It is sufficient if the injury arises out of a risk which is reasonably incidental to the conditions and circumstances of the particular employment. *Boulder v. Streeb,* 706 P.2d 786 (Colo.1985).

This rule, applied to traveling employees, means that the risks associated with the necessity of eating, sleeping, and ministering to personal needs away from home are considered incidental to and within the scope of the traveling employee's employment. *Alexander Film Co. v. Industrial Commission,* 136 Colo. 486, 319 P.2d 1074 (1957); *Archer Freight Lines, Inc. v. Horn Transportation, Inc.,* 32 Colo.App. 412, 514 P.2d 330 (1973).

When a personal deviation is asserted, the issue is whether the activity giving rise to the injury constituted a deviation from employment so substantial as to remove it from the employment relationship. *Silver Engineering Works, Inc. v. Simmons, supra; Roache v. Industrial Commission,* 729 P.2d 991 (Colo.App.1986).

Here, the stopping at a bar could be found to be a personal deviation, but, in any event, we agree with the Panel that, because the men had ended that deviation and were on their way back to the job site, they had returned to travel status and were entitled to coverage. *Continental Airlines v. Industrial Commission, supra.*

The order is affirmed.

JONES and CASEBOLT, JJ., concur.