**MOUNTAIN WEST FABRICATORS and Colorado Compensation Insurance Authority, Petitioners,**

**v.**

**Michael R. MADDEN and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 96CA1580.

Colorado Court of Appeals, Div. I.

Sept. 18, 1997.

Rehearing Denied Oct. 30, 1997.

Certiorari Granted June 29, 1998.

Colorado Compensation Insurance Authority, Curt Kriksciun, Denver, for Petitioners.

Keith Killian & Associates, P.C., J. Keith Killian, Greg E. Van De Mark, JoAnna Jensen, Grand Junction, for Respondent Michael R. Madden.

No Appearance for Respondent the Industrial Claim Appeals Office of the State of Colorado.

Opinion by Judge CRISWELL.

The employer, Mountain West Fabricators, and its workers' compensation insurer, Colorado Compensation Insurance Authority, appeal from the order of the Industrial Claim Appeals Office (Panel) awarding workers' compensation benefits to the claimant, Michael R. Madden. We set aside the order.

The facts upon which the Panel based its award are substantially undisputed. Claimant was employed in the construction trades as a form setter and cement finisher. He worked for the employer whose business office was located in Fruita, Colorado. However, claimant lived in Grand Junction, and his work did not normally require him to report to that office. Rather, he reported directly to the site of the construction project to which he was assigned at the time.

This arrangement required claimant to provide his own transportation; the employer did not provide any transportation or travel pay, unless the job site was located 75 miles or more from its business office. In traveling from his home to a particular job site, claimant used his own vehicle, but he was not required to use his vehicle in performing any of his job duties.

On the day of his injury, claimant was assigned to a job site in Rifle, Colorado, a location approximately 60 miles from claimant's residence and some 71 miles from the employer's business office. While traveling from his home to this site, he encountered a patch of black ice and was injured in the resulting single car accident.

Based on these facts, the Administrative Law Judge (ALJ) initially determined that claimant was not in the course and scope of his employment at the time of his injury and denied any benefits to him. However, upon claimant's appeal to the Panel, this decision was reversed, and the cause was remanded to the ALJ for reconsideration.

The basis for the Panel's decision was that, because claimant's construction job required him to travel from his home to job sites that were located at "substantial distances" from his home, an inference was created that a "requirement, or incident, of the claimant's employment was the expectation that claimant was willing to travel as part of the job." Hence, it concluded that the ALJ could find that the risks of such travel became a part of claimant's job and that the ALJ erred in concluding, as a matter of law, that the evidence was insufficient to support an award of benefits.

Upon remand, the ALJ noted the general rule that an employee is not within the course or scope of employment while traveling to or from work and further noted the exception to this rule if the employee is in a "travel status" at the time of the injury. He further concluded, as a matter of law, however, that the requirement for an employee to travel "substantial distances" gives rise to an expectation that the employee is willing to travel as a part of the job duties and that, in such cases, the risks of such travel become risks of employment. Applying that analysis to claimant's circumstances, the ALJ awarded benefits.

In spite of the ALJ's treatment of the issue as one of law, on review of the ALJ's decision, the Panel determined that the ALJ's factual findings were supported by the record and affirmed the award of benefits on that basis. The employer appeals from that affirmance, arguing that, as the ALJ initially determined, the record evidence establishes, as a matter of law, that the claimant was not

within the course and scope of his employment at the time of his injury. We agree.

■ Ordinarily, an employee injured while traveling to or from work is not entitled to workers' compensation benefits because that employee is not within the course or scope of employment during such travel. It is only if special circumstances exist, establishing a causal connection between the injury and the employment, that the injury is compensable. *Varsity Contractors and Home Ins. Co. v. Baca,* 709 P.2d 55 (Colo.App.1985) (employee traveling home to change clothes and to await call to return to work not in course and scope of employment). *See Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967); *Martin K. Eby Construction Co. v. Industrial Commission,* 151 Colo. 320, 377 P.2d 745 (1963).

Such special circumstances have generally been found to exist only in four categories of cases.

■ First, if the employee's job duties require travel—such as a traveling salesperson's responsibilities—that travel is considered to be a part of the job, and any injury occurring during such travel will be compensable. As stated in *Whale Communications v. Claimants in re Death of Osborn,* 759 P.2d 848 (Colo.App.1988):

> The rationale for this exception is that the travel becomes a part of the job since it is a service to the employer to convey to the premises a major piece of equipment [the employee's vehicle] devoted to the employer's purposes. Such a requirement causes the job duties to extend beyond the work place and makes the vehicle a mandatory part of the work environment.

*See also Wild West Radio, Inc. v. Industrial Claim Appeals Office,* 905 P.2d 6 (Colo.App. 1995); *Tatum–Reese Development Corp. v. Industrial Commission,* 30 Colo.App. 149, 490 P.2d 94 (1971).

■ Second, if the employee is sent away from home for an extended period to attend upon the employer's business, the employee will be considered to be in the course and scope of employment during virtually all of such period. *Alexander Film Co. v. Industrial Commission,* 136 Colo. 486, 319 P.2d 1074 (1957) (employee killed while crossing street in Michigan where he had been sent from his home in Colorado).

However, while some opinions have contained language suggesting that this exception applies any time an employee is required to go outside the city or town within which the employee lives, *see Tatum–Reese Development Corp. v. Industrial Commission, supra,* no case has allowed compensation under the auspices of this exception, unless the employee was required to be away from home for at least one night. *See Employers' Liability Assurance Corp. v. Industrial Commission,* 147 Colo. 309, 363 P.2d 646 (1961) (employee killed while returning from Libya to Denver); *Phillips Contracting, Inc. v. Hirst,* 905 P.2d 9 (Colo.App.1995) (employee sent from Texas to Colorado for extended period).

A third exception to the general rule has been recognized where the employee, after first reporting to the regular place of employment, is sent on a special errand elsewhere. *See O.P. Skaggs Co. v. Nixon,* 101 Colo. 203, 72 P.2d 1102 (1937) (lawyer normally employed in Greeley within course and scope of employment while traveling to Denver for conference); *L.E.L. Construction v. Goode,* 849 P.2d 876 (Colo.App.1992), *rev'd on other grounds,* 867 P.2d 875 (Colo.1994) (employee authorized to go from construction site to business office to pick up paycheck within course and scope of employment); *Lind Engineering Co. v. Auxer,* 519 P.2d 1211 (Colo.App.1974) (not selected for official publication) (employee ordered to go on ride with supervisor covered by workers' compensation during ride). *See also Tatum–Reese Development Corp. v. Industrial Commission, supra.*

■ Finally, if the evidence establishes that the parties have agreed that the employment relationship is to continue during the employee's travel between home and the work place, the employee will be considered to be within the course and scope of employment during that travel. For example, in *Martin K. Eby Construction Co. v. Industrial Commission, supra,* the employee was working upon a construction site that was

located within a secured governmental missile site. After entering the secured area, he was required to travel an additional 17 miles to reach his place of work. Although the employer did not provide transportation to the work site, the employee was paid for the time it took him to drive from the security gate to the work site. Under such circumstances, it was held that an injury occurring to the employee during this drive was compensable. *See also Berry's Coffee Shop, Inc. v. Palomba, supra* (employee driving home at request of supervisor to attend private conference with supervisor within course and scope of employment).

None of these exceptions is applicable here. Here, claimant was driving from his home to his normal place of work; the employer did not require that he use his own vehicle for this purpose, nor did the employer require the use of that vehicle in the performance of the claimant's duties. Further, because the work site was located less than 75 miles from the employer's business office, the employer did not pay claimant either any travel expenses or any other compensation for the time spent in traveling to the site. And, there is no evidence of an agreement that the employment relationship was to exist during the claimant's travel between his home and the work place under these circumstances.

The Panel seems to have concluded that, because claimant had to travel "substantial distances" to reach the various constructions sites, this fact alone meant that all of his travel to the various job sites, irrespective of the length of any particular trip or whether the employer provided transportation or recompense for the travel involved in such a trip, created an exception to the general rule. We are unaware of any court decision in Colorado or elsewhere that recognizes such an exception. Further, we do not agree that, in this day of increasing commuting times and distances, a drive of some 60 miles to reach an employee's place of work constitutes a drive of a "substantial distance."

We conclude, as a matter of law, therefore, that the record before us cannot support a finding that claimant's travel between his home and his workplace was within the course and scope of his employment. Hence, the Panel's contrary conclusion cannot stand.

The order of the Panel is set aside, and the cause is remanded to it with directions to enter an order denying claimant's application for workers' compensation benefits.

METZGER, J., concurs.

MARQUEZ, J., dissents.

Judge MARQUEZ dissenting.

Because I conclude that the Industrial Claim Appeals Office (Panel) properly affirmed the determination by the Administrative Law Judge (ALJ) that the claimant was in a "travel status" at the time of his injury and that the claim was compensable, I respectfully dissent.

In determining whether an accident arose out of, or in the course of, the employment, each case must be decided with respect to its attendant circumstances. In the absence of special circumstances, harm or injury sustained by an employee while going to or from his work is not compensable. *Berry's Coffee Shop v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967).

An exception to this rule is where an employee is in a travel status. This exception is applicable where an employee is required to travel away from his home city or town on his employer's business. *Tatum–Reese Development Corp. v. Industrial Commission,* 30 Colo.App. 149, 490 P.2d 94 (1971); *see Lind Engineering Co. v. Auxer,* 519 P.2d 1211 (Colo.App.1974) (not selected for official publication).

If an employee's travel is at the express or implied request of the employer, the travel is within the scope of the employment. *Benson v. Colorado Compensation Authority,* 870 P.2d 624 (Colo.App.1994).

Compensation by the employer for transportation, lodging, and meals is not required. *Phillips Contracting, Inc. v. Hirst,* 905 P.2d 9 (Colo.App.1995); *see Benson v. Colorado Compensation Insurance Authority, supra; Tatum–Reese Development Corp. v. Industrial Commission, supra,* (compensation awarded where claimant was required to re-

port to his employer's office and then provide his own transportation to a mountain subdivision, even though he received no additional compensation for the use of his own vehicle).

An injury suffered by an employee while performing an act for the mutual benefit of the employee and the employer is usually compensable, even though the advantage to the employer is slight. The test is if the work of the employee creates a necessity for travel, the employee is in the course of employment, even though the employee is serving a personal purpose. *Berry's Coffee Shop, Inc. v. Palomba supra.*

The question has been stated as whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. *Martin K. Eby Co. v. Industrial Commission,* 151 Colo. 320, 377 P.2d 745 (1963) (compensation awarded to claimant who was provided travel pay and was injured while traveling in personal automobile to missile site).

In my view the four-part categorization applied by the majority does not account for the special circumstances in claimant's situation here. *See Berry's Coffee Shop v. Palomba, supra.* The ALJ found, with record support, that: claimant resides in Grand Junction, Colorado; the headquarters of the employer are located in Fruita, Colorado; and that at the time of the accident, he was en route from his home to a job site in Rifle. The employee agreement provided that under certain circumstances if the employee worked 75 miles or more from the point of hire, the employee may receive subsistence pay.

The ALJ further found that the job site in Rifle is approximately 71 miles from the main office in Fruita and approximately 10 miles less than that from the claimant's home in Grand Junction. He was not getting paid subsistence at any time while working on the Rifle job; nor was he paid for his travel time. The ALJ found that the evidence establishes that the employer required the employer to perform services at a substantial distance from his home and the employer's place of business. Thus, the ALJ determined, the risks of travel, were the risks of employment.

As the Panel noted, the claimant's testimony indicates that, during his three months of employment, he never worked in close proximity to his home, nor at the employer's place of business in Fruita. Rather, the claimant traveled to remote job sites both in and out of Colorado.

Here, the claimant was required to travel a substantial distance to the job site. Had that location been another four miles from the employer's office in Fruita, the claimant would have received subsistence pay. And, distance has been considered a relevant factor. *See Loffland Bros. v. Baca,* 651 P.2d 431 (Colo.App.1982) (employer required employees to travel a considerable distance to job and were transported by driller).

Under these special circumstances, I would affirm the Panel's order.