Michael R. MADDEN and The Industrial
Claim Appeals Office of the State of
Colorado, Petitioners,

v.

MOUNTAIN WEST FABRICATORS and
Colorado Compensation Insurance
Authority, Respondents.

No. 97SC856.

Supreme Court of Colorado,
En Banc.

April 12, 1999.

Keith Killian & Associates, P.C., J. Keith Killian, Richard T. Gurley, Joanna C. Jensen, Grand Junction, Colorado, Attorney for Petitioner Madden.

No appearance by or on behalf of Respondent Industrial Claim Appeals Office

Colorado Compensation Insurance Authority, Curt Kriksciun, Denver, Colorado, Attorney for Respondents.

Chief Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to determine whether the court of appeals erroneously concluded in *Mountain West Fabricators v. Madden,* 958 P.2d 482 (Colo.App.1997), that petitioner, Michael R. Madden, is not entitled to recovery under the Workers' Compensation Act of Colorado, sections 8–40–101 to 8–47–209, 3 C.R.S. (1998).[1] Madden was injured in a single car accident that occurred while he was driving from his home to his employer's temporary construction site. We hold that, as a matter of law, Madden's injuries are not compensable. Therefore, we affirm the decision of the court of appeals.

## I.

On December 19, 1994 around 6:00 a.m., petitioner, Michael R. Madden, was injured in a single car accident while driving from his home to his employer's temporary construction site in Rifle, Colorado. Madden lived

---

1. We granted certiorari on the issue of whether the court of appeals erroneously concluded that an automobile accident involving the claimant was not compensable under the Workers' Compensation Act as an injury within the "travel status" exception.

approximately sixty miles from the construction site and was scheduled to begin work at 7:00 a.m. Madden's employer, respondent Mountain West Fabrication Plants & Stations, Inc. (Mountain West Fabricators), operated its main office from Fruita, Colorado, which is seventy-one miles from the construction site in Rifle.

Mountain West Fabricators required that its employees provide their own transportation to its various job sites but did not require that they use their own vehicles after arriving. Mountain West Fabricators did not provide subsistence pay for such travel unless the job site was located seventy-five or more miles from the point of hire and the employee worked at least five hours. Even if the travel met these requirements, Mountain West Fabricators reserved the discretion to withhold the subsistence pay. Madden did not receive subsistence pay while working at the temporary job site in Rifle.

After his accident, Madden filed a workers' compensation claim with respondent, Colorado Compensation Insurance Authority. An administrative law judge (ALJ) determined that Madden's injury was not compensable under the Act because Madden had been traveling to work in his own vehicle when the injury occurred and had not been getting paid for his travel time or cost. ·

On appeal, the Industrial Claim Appeals Office (ICAO) reversed the ALJ and remanded for reconsideration. The ICAO determined that the evidence supported a finding that Madden fell within the "travel status" exception to the Act because, as an incident of Madden's employment, there was an expectation that he was willing to travel as part of his job. The ICAO held that the ALJ erred in concluding, as a matter of law, that Madden's testimony was insufficient to support application of the travel status exception. On remand, the ALJ awarded benefits to Madden finding that he was in travel status at the time of his injury. The ICAO affirmed.

Mountain West Fabricators sought review in the court of appeals arguing that the record established that Madden did not fit within the travel status exception and was not covered by the Act. The court of appeals agreed and set aside the order of the ICAO, remanding with directions to enter an order denying Madden's workers' compensation claim. *See Mountain W. Fabricators,* 958 P.2d at 485. Madden appeals.

## II.

### A.

■ To qualify for recovery under the Workers' Compensation Act of Colorado, a claimant must be performing services arising out of and in the course of his employment at the time of his injury. *See* § 8–41–301(1)(b). For an injury to occur "in the course of" employment, the claimant must demonstrate that the injury occurred within the time and place limits of his employment and during an activity that had some connection with his work-related functions. *See Triad Painting Co. v. Blair,* 812 P.2d 638, 641 (Colo.1991). The "arise out of" requirement is narrower than the "in the course of" requirement. *See id.* For an injury to arise out of employment, the claimant must show a causal connection between the employment and injury such that the injury has its origins in the employee's work-related functions and is sufficiently related to those functions to be considered part of the employment contract. *See id.* at 641–42; *Industrial Comm'n v. Enyeart,* 81 Colo. 521, 524–25, 256 P. 314, 315 (1927) (denying recovery to claimant who was injured when his steering gave out while he was driving across a bridge on his employer's property on his way home from work). The claimant must prove these statutory requirements by a preponderance of the evidence. *See City of Boulder v. Streeb,* 706 P.2d 786, 789 (Colo.1985).

■ In general, a claimant who is injured while going to or coming from work does not qualify for recovery because such travel is not considered to be performance of services arising out of and in the course of employment. *See Industrial Comm'n v. Lavach,* 165 Colo. 433, 437–38, 439 P.2d 359, 361 (1968); *Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 373, 423 P.2d 2, 4–5 (1967). This principle is known as the "going to and from work" rule. *See Berry's Coffee Shop, Inc.,* 161 Colo. at 373, 423 P.2d at 4–5. However, we have recognized many exceptions to

this rule to account for varying and unusual circumstances that create a causal connection between the employment and an injury that occurred while the employee was going to and from work. *See id.*

In an attempt to categorize these exceptions, the court of appeals, in this case, listed four circumstances in which an employee who is injured going to or coming from work can recover under the Act: (1) when an employee's job duties require travel, (2) when an employee is sent away from home for an extended period on a business trip for the employer, (3) when an employee is sent on a special errand after first reporting to the employer's regular place of business, and (4) when the parties have agreed that the employment relationship is to continue during the employee's travel to and from work. *See Mountain W. Fabricators,* 958 P.2d at 484–85. As applied to Madden, the court of appeals held that there was insufficient evidence to show that his injury fell within any of these exceptions. *See id.* at 485.

■ Although we agree that Madden's injury is not compensable under the Workers' Compensation Act of Colorado, we conclude that the four categories set out by the court of appeals are too narrow. A review of the case law demonstrates that the determination of whether a traveling employee's injury warrants an exception to the going to and from work rule is such a fact-specific analysis that it cannot be limited to a predetermined list of acceptable facts and circumstances. Therefore, we hold that the list set out by the court of appeals is not determinative. Rather, the proper approach is to consider a number of variables when determining whether special circumstances warrant recovery under the Act. *See Maryland Cas. Co. v. Messina,* 874 P.2d 1058, 1063 (Colo.1994).

■ These variables include but are not limited to: (1) whether the travel occurred during working hours, (2) whether the travel occurred on or off the employer's premises, (3) whether the travel was contemplated by the employment contract, and (4) whether the obligations or conditions of employment

created a "zone of special danger" out of which the injury arose. *See id.*

The first two variables do not require an explanation because in most circumstances the answer will be straightforward. However, the third variable, whether the travel was contemplated by the employment contract, has the potential to encompass many situations. For example, both the court of appeals and this court have awarded recovery when a particular journey was assigned or directed by the employer. *See Walsh v. Industrial Comm'n,* 34 Colo.App. 371, 374–75, 527 P.2d 1180, 1181–82 (1974) (holding that the claimant could recover for injuries sustained in a fall on ice because she had previously turned back from an attempt to drive to work in a snowstorm and was injured after she was subsequently ordered to come to work); *Berry's Coffee Shop, Inc.,* 161 Colo. at 373–74, 423 P.2d at 4–5 (affirming award to a claimant who fell in her apartment parking lot on the way from work to an employment-related meeting in her home as arranged by her employer); *O.P. Skaggs Co. v. Nixon,* 101 Colo. 203, 205, 72 P.2d 1102, 1103 (1937) (upholding recovery for a Greeley attorney who was injured in a car accident while returning from a meeting in Denver where the company that retained him had given him contracts to review upon return to Greeley).[2] We have also granted recovery when the employee's travel is at the employer's express or implied request or when such travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work. *See Electric Mut. Liab. Ins. Co. v. Industrial Comm'n,* 154 Colo. 491, 495, 391 P.2d 677, 679 (1964) (holding that when an employee uses his own car to perform services for or at the direction of his employer, the employee remains in the course of his employment until he returns home); *Employers' Liab. Assurance Corp. v. Industrial Comm'n,* 147 Colo. 309, 315, 363 P.2d 646, 649 (1961) (affirming award to claimant who died while driving through Pennsylvania en route to Denver. The claimant had worked in Europe and North Africa and was returning home from this assignment after

**2.** The cases listed within each of the four variables have been so aligned for illustrative purposes. However, many have facts and circumstances that would justify alignment under the other variables as well.

spending a few days on vacation in Europe.); *see also Shandy v. Lunceford*, 886 P.2d 319, 322 (Colo.App.1994); *Benson v. Colorado Compensation Ins. Auth.*, 870 P.2d 624, 627 (Colo.App.1994); *Loffland Bros. v. Baca*, 651 P.2d 431, 432–33 (Colo.App.1982); *Tatum–Reese Dev. Corp. v. Industrial Comm'n*, 30 Colo.App. 149, 152–53, 490 P.2d 94, 95–96 (1971). Such travel by an employee, i.e., that at the express or implied request of the employer or when such travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work, has been labeled as "travel status." *Tatum–Reese Dev. Corp.*, 30 Colo.App. at 152, 490 P.2d at 95. Another example of travel being within the employment contract occurs when travel is singled out for special treatment as an inducement to employment, such as when the employer provides transportation or pays the cost of the employee's travel to and from work. *See Lavach*, 165 Colo. at 438, 439 P.2d at 361; 1 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* §§ 16.31–16.32 (1998 & Supp. Nov. 1998).

◼ The common link among each of the examples explaining the third variable, when travel is contemplated by the employment contract, is that such travel is a substantial part of the service to the employer. These examples can be summarized as follows: (a) when a particular journey is assigned or directed by the employer, (b) when the employee's travel is at the employer's express or implied request or when such travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work, and (c) when travel is singled out for special treatment as an inducement to employment. *See Maryland Cas. Co.*, 874 P.2d at 1063. However, we reiterate that these examples are not an exhaustive list of the situations when travel is found to be part of the employment contract.

◼ The fourth variable, the zone of special danger, refers to injuries that occur off an employer's premises but so close to the zone, environment, or hazards of such premises as to warrant recovery under the Act. *See* Larson & Larson, *supra* § 15.22(a). For example, we have allowed recovery when an employee is injured on the premises of someone other than his employer. *See Martin K. Eby Constr. Co. v. Industrial Comm'n*, 151

Colo. 320, 323–24, 377 P.2d 745, 747 (1963) (affirming award to an employee who was injured in an automobile accident sixteen miles inside a missile site, while driving to a construction job). We have also allowed recovery for accidents occurring on public streets that must·be crossed in the course of travel from employer-provided parking to the place of employment. *See State Compensation Ins. Fund v. Walter*, 143 Colo. 549, 555–56, 354 P.2d 591, 594 (1960).

◼ Whether meeting one of the variables is sufficient, by itself, to create a special circumstance warranting recovery depends upon whether the evidence supporting that variable demonstrates a causal connection between the employment and the injury such that the travel to and from work arises out of and in the course of employment. For example, a claimant could present evidence that he was injured while traveling during working hours. However, if such travel was not in the performance of employment activities, it would not be compensable in the absence of other evidence demonstrating a causal connection. *See Varsity Contractors & Home Ins. Co. v. Baca*, 709 P.2d 55, 57 (Colo.App. 1985) (denying award of benefits to employee injured while on call because the employee was not performing work duties but merely traveling home from work); *Mineral County v. Industrial Comm'n*, 649 P.2d 728, 730 (Colo.App.1982) (affirming award to widow of a sheriff who, as the sole member of the department, was always on duty but died while in uniform after completing a personal errand and while returning to his patrol car); *Rogers v. Industrial Comm'n*, 40 Colo.App. 313, 315, 574 P.2d 116, 118 (1978) (affirming denial of benefits to police officer who was not in uniform and was injured while riding his personal motorcycle to work because the officer was not engaged in police work at the time of the injury even though he was "always on duty").

### B.

◼ Considering these variables in light of the facts surrounding Madden's injury, we hold that, as a matter of law, there is insufficient evidence of special circumstances war-

ranting recovery under the Workers' Compensation Act of Colorado.

The first two variables do not support recovery in this case: Madden's injury occurred outside of working hours and off the premises of his employer. Regarding the third variable, we hold that Madden's travel was not contemplated by the employment contract. Madden's travel was not assigned or directed by Mountain West Fabricators, nor did it confer a benefit upon Mountain West Fabricators apart from the sole fact of Madden's arrival at work. Although Mountain West Fabricators offered reimbursement for drives of certain distances, Madden's travel on the day of his injury was not singled out for special treatment. Therefore, such travel cannot be deemed a substantial part of the service Madden performed for Mountain West Fabricators. As a result, his travel to and from work on the day in question was not contemplated by the employment contract.

Finally, we hold that Madden was not placed in a zone of special danger. Madden's injury occurred on the highway and was not so closely related to the geographic location of his employment as to be considered part of the premises. *See Martin K. Eby Constr. Co.*, 151 Colo. at 323–24, 377 P.2d at 746–47.

Since Madden failed to present sufficient evidence of circumstances meeting these variables and failed to show other special circumstances relevant to demonstrating a causal connection between his injury and employment, we hold that his travel to and from work did not arise out of and in the course of his employment and he is not entitled to recovery under the Act.

### III.

Because we hold that the evidence does not warrant recovery under Workers' Compensation Act of Colorado, we affirm the decision of the court of appeals setting aside the order of the ICAO and remanding the cause with directions to enter an order denying Madden's application for workers' compensation benefits.